[No. 1859. Decided February 20, 1896.]

H. C. Leggett *et ux.*, *Appellants*, v. David C. Ross *et ux.*, *Respondents.*

#### JUDGMENT — RES JUDICATA — PARTIES.

In an action by husband and wife to recover possession of certain community land, it is admissible to introduce in evidence a judgment involving the same subject matter, although rendered in an action brought by the husband alone, the presumption being that the action was brought with the knowledge and consent of the wife, in the absence of any showing to the contrary.

A judgment may be introduced in evidence in a subsequent suit involving the same subject matter, when it is between the same parties, but the fact that a person was joined as defendant in one action and not in the other will not affect the admissibility of the record, when it appears that he was not a real party in interest.

Appeal from Superior Court, Skagit County.—Hon. Henry McBride, Judge.   Affirmed.

*Moore & Pittman,* for appellants.

*J. C. Waugh,* for respondents.

The opinion of the court was delivered by

Scott, J.—Plaintiffs brought this action alleging that they were the owners and entitled to the possession of a certain fractional piece of land described as lot 3, section 13, township 35 north, range 5 east, and al-

leged that possession thereof was wrongfully withheld from them by the defendants, who were the owners of an adjoining tract. The proof showed, however, that the controversy between said parties was really as to the location of the boundary line between them, and it also appeared that prior to the commencement of this action, the plaintiff, H. C. Leggett, had brought suit against the defendants and one Alexander Ross to have the location of the said line determined, which cause proceeded to a judgment and the line was so located as to give the tract in controversy in this action to the defendants. No appeal was taken from the judgment there rendered, and the record of that cause was introduced in evidence on the trial of this action, the only objection interposed thereto by the plaintiffs being that the parties to that action were not the same as the parties to this action, which was overruled by the court, and the jury were instructed to bring in a verdict for the defendants, whereupon the plaintiffs appealed.

We think the record offered was admissible in evidence and conclusive of the rights of the parties. It appeared that it was the same subject matter which was in controversy in both actions. Conceding that lot 3 aforesaid was the community property of the plaintiffs, we think that appellant Mary Leggett is bound by the judgment in the former action, although she was not a party thereto. There is nothing to show that said action was commenced and prosecuted without her knowledge or authority or against her wishes, or that she sought in any way to interfere therein, and under the circumstances, she being the wife of the plaintiff, in order to avoid the effect of that judgment and the presumption that it was brought with her knowledge and consent, it was necessary for her

to show facts to the contrary; nor does the fact that Alexander Ross was joined as a defendant in that action affect the admissibility of the record, for it appears that the other defendants were the real claimants and parties in interest.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.