HAFFKE v. HEMPSTEAD COUNTY BANK & TRUST COMPANY.

Opinion delivered June 30, 1924.

1. MORTGAGES—DELIVERY OF ITEMIZED STATEMENT OF ACCOUNT—WAIVER.—Delivery to a mortgagor of a verified itemized statement of the account secured by the mortgage before foreclosing a chattel mortgage was waived where the mortgagee presented an unverified but correct account, to which the mortgagor made no objection.

2. EQUITY — JURISDICTION TO FORECLOSE MORTGAGE OF DECEDENT.—Equity had jurisdiction to foreclose a mortgage executed by decedent and another where it made no order for payment of any deficiency judgment against decedent's estate, but found the balance due by decedent and ordered foreclosure therefor.

3. CROPS—DEEDS HELD TO CONVEY.—Deeds executed on March 31 and June 30, neither containing any reservation of crops, *held* to carry the title to a crop on the land.

4. HUSBAND AND WIFE—ESTOPPEL.—Where a wife permitted the 1921 crop to be appropriated to paying her husband's debt to a bank, without advising the bank that she had an interest in the land, and the bank made advances in 1922 upon the faith of the husband's mortgage on the crop, the wife is estopped to assert any right to rents out of such crop.

Appeal from Hempstead Chancery Court; C. E. Johnson, Chancellor; affirmed.

*E. F. McFaddin,* for appellant.

The court erred in not sustaining the plea in abatement of Charles Haffke. Section 7403, C. & M. Digest; 65 Ark. 316; 73 Ark. 789. The statute is mandatory. 92 Ark. 313; 123 Ark. 265; 136 Ark. 516. A conversion of mortgaged property to his own use by the holder of the mortgage satisfies the mortgage debt to the extent of the value of the property. 11 Corpus Juris, 686. The intervention of Margaret B. Haffke should have been sustained. 30 C. J. 838; 50 Ark. 42; 62 Ark. 26; 69 Ark. 350; 74 Ark. 161; 107 Ark. 458; 92 Ark. 315; 142 Ark. 104; 157 Ark. 254.

*Wm. S. Atkins,* for appellee.

SMITH, J. On January 17, 1923, the Hempstead County Bank & Trust Company, hereinafter referred to as the bank, filed a complaint in equity against Charles Haffke, who was the only defendant named. In this complaint the appointment of a receiver was prayed to take charge of certain personal property mortgaged to the bank by Haffke. The complaint described a number of mules and certain farming implements, and there was a prayer that the property be ordered sold in satisfaction of certain mortgages executed to the bank. There were two of these mortgages, and each covered the property described. The first was executed by Charles Haffke and Pressley J. Barr. The second was executed on March 8, 1922, by Haffke alone.

Haffke filed a motion to quash the specific attachment which the bank had caused to be issued, on the ground that the bank had failed to comply with § 7403, C. & M. Digest, which requires the mortgagee, before foreclosing a chattel mortgage, to deliver to the mortgagor a verified itemized statement of the account, showing all items of debit and credit. This motion was overruled, and the bank later filed an amended complaint in which the executor of Barr was made a party defendant. As an exhibit to this complaint an itemized verified statement of the account was attached. Later the wife of

Haffke intervened and claimed an interest in the rent, as an owner of an interest in the land.

The executor of Barr demurred to the complaint on the ground that the chancery court was without jurisdiction to adjudicate an indebtedness against his testator. The demurrer was overruled, and exceptions saved. The court also found against the intervention of Mrs. Haffke. The court then found that there was a balance due the bank, as shown by the statement of the account, and entered a decree of foreclosure. Other facts will be stated in the opinion.

It does not appear that the bank complied with § 7403, C. & M. Digest, but we think this failure was waived. At the winding up of the crop for the year 1922 it was shown that Haffke could not pay his debt to the bank; indeed, the indebtedness had increased over that of the preceding year. It appears that the bank furnished Haffke a statement of the account about the first of December, 1922, which was, of course, prior to the institution of the suit in January, 1923. This statement was not verified, but its accuracy does not appear to have been questioned at that time. It was the same statement which was made a part of the amended complaint. At the time this statement was furnished in December, 1922, no objection was made to its form, and Haffke appears to have fully understood the amount claimed by the bank. Haffke's insistence at that time was that the bank should extend him additional credit to make his crop in 1923, and it appears reasonably certain that no objection to the account or to the balance claimed as due would have been made had the credit been extended.

This court held, in the case of *Lawhon* v. *Crow,* 92 Ark. 313, that the legislative purpose in enacting the statute now appearing as § 7403, C. & M. Digest, was not merely to save the mortgagor the cost that might be incident to a lawsuit, but also to prevent annoyance and inconvenience to him by having his property taken from him by process of law before giving him an opportunity to

adjust any differences with the mortgagee and to settle his account, if possible, without a lawsuit, and that it had therefore been made a condition precedent to the maintenance of a suit to foreclose a chattel mortgage, or to recover the possession of the mortgaged property, that the mortgagee furnish the mortgagor a verified statement of the account. But here the purposes of the law have been fully met. The mortgagor knew the sum claimed, and he apparently acquiesced in the demand made by the bank. The question considered between the mortgagor and the mortgagee was that of the extension of additional credit, and this was considered by the directors of the bank at more than one meeting, and, when the bank finally declined to accede to Haffke's demand for additional credit, he stated that it was the bank's next move.

Under these circumstances we think a strict compliance with the statute was waived, and the motion to dismiss for noncompliance with the statute referred to was properly overruled.

We think the court also properly overruled the demurrer of the executor of Barr's estate to the jurisdiction of the chancery court. The court assumed jurisdiction of the proceeding, so far as the executor was concerned, for the purpose only of ascertaining the balance due and secured by the mortgage which the testator had executed, and the court had this jurisdiction. The court undertook to make no order for the payment of any deficiency judgment against the testator's estate, but found the balance due by him under the mortgage which he had executed, and ordered its foreclosure.

The executor also claimed, for the benefit of his estate, an interest in the 1921 crop, which the court refused to allow. The court also found against the intervention of Mrs. Haffke for an interest in the 1922 crop, and this appeal questions the correctness of both those findings. These questions may be disposed of together, as both claims arise out of the same facts.

P. J. Barr died March 31, 1921, which was prior to the planting of the crops for that year. On March 25, 1921, P. J. Barr conveyed by warranty deed to Ralph W. Barr his interest in the land on which the crops were grown. Ralph W. Barr executed a power of attorney to appellant Charles Haffke, who was his brother-in-law, and, pursuant to this power, Haffke, on June 30, 1921, conveyed the interest originally owned by P. J. Barr to Margaret B. Haffke, who was the sister of Ralph W. Barr and the wife of Charles Haffke. This deed contained no reservation of the crops then growing on the land, nor did the deed from P. J. Barr to Ralph W. Barr. The crop of 1921 was marketed and the proceeds thereof turned over to the bank, to be credited on the indebtedness of P. J. Barr and Charles Haffke, which was secured by the mortgage which they had executed to the bank. Mrs. Haffke claimed no interest in the 1921 crop. By her intervention she claimed a part of the rent for 1922.

We think the deed from P. J. Barr to Ralph W. Barr and the one from Ralph W. Barr to Mrs. Haffke operated to convey the interest of the grantors in the crops to the grantees named, and the court therefore properly held that the executor of P. J. Barr was not entitled to recover any part of the 1921 crops. *Gibbons* v. *Billingham,* 10 Ark. 9; *Lee* v. *Bandimere,* 140 Ark. 277; *Nelson* v. *Forbes & Sons,* 164 Ark. 460.

P. J. Barr appeared to have owned an undivided 41½ per cent. interest in the land, and this is the interest acquired by Mrs. Haffke through the deed to her, and under it she asserts an interest in the rent for 1922 to that extent, as she did not sign any of the notes secured by the mortgage on the personal property and was not a party to that instrument. Her intervention raised this question.

We think the court properly found against the intervention of Mrs. Haffke for the following reasons: She permitted the 1921 crop to be appropriated to the debt due the bank without advising the bank that she had any

interest in the land on which she could predicate a claim to an undivided interest in the crop. We think she must have known that her husband represented to the bank, as a basis for the credit extended him in 1922, that he had the right to mortgage the crops. On March 8, 1922, Haffke wrote a letter to the bank in regard to the indebtedness then due and the additional advances which he was asking the bank to make him that year. In this letter he said: "I have made my calculation as to what it will take to furnish my place, necessary to insure cropping the entire place for 1922," and, after stating his demands, he advised that he could, with certain other assistance which he expected to obtain, "cultivate my entire farm."

The bank made the advances for the year 1922, and it was upon the faith of the security of the chattel mortgage here sought to be foreclosed upon the 1922 crop, and, as Mrs. Haffke permitted the bank to extend this credit under the belief that Haffke had the right to mortgage it, she is estopped from asserting that he had no such right. *Driggs Bank* v. *Norwood,* 50 Ark. 42; *George Taylor Commission Co.* v. *Bell,* 62 Ark. 26; *Cowling* v. *Hill,* 69 Ark. 350; *Davis* v. *Yonge,* 74 Ark. 161; *Haycock* v. *Tarver,* 107 Ark. 458; *Latham* v. *First National Bank,* 92 Ark. 315; *Irwin* v. *Dugger,* 142 Ark. 104; *Harmon* v. *Winegar,* 157 Ark. 254.

The decree adjudged the balance due and secured by each of the mortgages mentioned, and ordered their foreclosure in satisfaction thereof. This decree appears to be correct, and it is affirmed.