COLLUM *v.* HERVEY.

Opinion delivered March 19, 1928.

1. JUDGMENT—CONCLUSIVENESS AGAINST WIFE OF DECREE AGAINST HUSBAND.—A decree against a husband in a suit brought against him and others to quiet title to land owned by his wife, *held* binding on the wife, though she was not made a party, where the husband and wife had occupied the land together, and when the writ of possession had issued as the result of such decree, the husband and wife had vacated the premises, since the wife was represented in the suit by her husband and was in privity with him, and her subsequent suit for possession was barred thereby.

2. JUDGMENT—CONCLUSIVENESS.—Where title to land had been quieted against the husband in a suit to which his wife had not been made a party, *held* that, even if the decree against the husband was not binding on the wife, the fact that, on the issuance of the writ of possession, she claimed no interest separate from her husband, and vacated the premises without claiming that she was not bound by the decree, constituted a ratification of the husband's subsequent acts so as to bind her by the decree.

3. JUDGMENT—CONCLUSIVENESS OF DECREE AGAINST PRIVY.—In ejectment for recovery of land, plaintiff was bound by a previous

judgment against her grantor, under which the judgment title had 'been quieted as against such grantor, since plaintiff was a privy with her grantor.

Appeal from Miller Circuit Court; *J. H. McCollum,* Judge; reversed.

*J. D. Cook, Sr.,* and *J. D. Cook, Jr.,* for appellant.

*Pratt P. Bacon,* for appellee.

MEHAFFY, J.   The appellee, plaintiff below, began this suit in the Miller Circuit Court, alleging that she was the owner of 15 acres of land in section 33, township 14 south, range 28 west, in Miller County, Arkansas, which land was described in her complaint, and claimed title to said land as follows:   That, prior to the year 1909, plaintiff's sister, Mary Day, was in possession of the 40-acre tract, which included the 15 acres sued for, and had been in possession for many years, working said land and improving same and claiming to be the owner of the whole 40-acre tract.   That said Mary Day put plaintiff in possession of the 15-acre tract involved in this suit, and that, immediately upon said gift, the plaintiff entered into possession of said 15 acres, which was then in the woods, and plaintiff cleared same, fenced it, built houses thereon, and put said 15 acres in cultivation, and openly and notoriously held the adverse possession thereof all the time, claiming to be the owner for more than seven years, until she was some time ago dispossessed by some kind of a writ issued against her husband.   She alleged that the defendants, appellants here, were in the unlawful and wrongful possession of said lands, claiming to be the owners, and that plaintiff was entitled to the possession.

Defendants filed a demurrer, which was by the court overruled.   They also filed a motion to make more definite and certain, which was also overruled, and exceptions saved.   The defendants then filed answer, alleging that R. B. Collum was the owner of the tract of land claimed by plaintiff; that he purchased from John P. Hervey, and that Hervey inherited the lands from his

father, Charles Hervey, and tendered deeds showing title to said lands.

The defendants further answered, alleging that neither Mary Day nor Isom Hervey ever had title to said lands, and denied the material allegations of plaintiff's complaint. Defendants admitted that at one time Mary Day lived on the land, and had given plaintiff and her husband the privilege of living on the land. Defendants alleged that defendants' grantor, being a minor, brought suit by Sally E. Hyden, his guardian, in the Miller Chancery Court, to quiet the title to said land in John B. Hervey. The suit was against Mary Day and Isom Hervey, plaintiff's husband. It is alleged that the suit included the plaintiff. That in said suit all the rights and equities ever existing in behalf of the plaintiff were pleaded, and the same inquired into and disposed of in said cause, and that the title of John P. Hervey, defendants' grantor, was quieted in him, and a writ of assistance was issued in support of said decree and the right of the defendant's grantor under same, ejecting all of said defendants, including plaintiff, from said 40 acres, which included the 15 acres claimed by plaintiff.

The plea of *res judicata* was submitted to the court, in the absence of the jury, and the defendants introduced and read in evidence chancery record in the case of John P. Hervey, an infant, by Sally E. Hyden, his guardian, against Mary Day and Isom Hervey. The suit resulting in the decree which was introduced involved the lands in controversy in this suit, and said decree showed that the lands had been adjudged and decreed to the plaintiff, John P. Hervey; that he was the owner of the legal title, and it was decreed that he have and recover of and from the defendants, Mary Day and Isom P. Hervey, and their tenants, the possession of said lands; and that, upon failure of defendants and their tenants to deliver possession, plaintiff should have a writ of possession. Said decree also adjudged and decreed that the title of plaintiff, John P. Hervey,

be and it is hereby established, quieted and confirmed
against all persons claiming by, through or under any
of the conveyances as set out in this decree.

The plaintiff objected to the introduction of the
decree because Senie Hervey, the plaintiff, is not a party
to the suit. Said objection was overruled, and plain-
tiff excepted. Defendants then introduced and read in
evidence the pleadings in said chancery cause, and it was
admitted that Senie Hervey was the wife of Isom
Hervey, but objection was made because Senie Hervey
was not a party to the suit.

The will of Mary Mays was introduced, Mary Mays
being the same person as Mary Day, above mentioned.
Objection was made to the introduction of the will, and
said objection overruled, and exceptions saved. The
defendants then introduced and read in evidence the writ
of possession issued by the Miller County Chancery
Court, commanding the sheriff that he take from the pos-
session of the defendants, Mary Day and Isom Hervey,
the land and premises described in the chancery decree,
and deliver the same to John P. Hervey.

After the introduction of the above evidence the
court overruled defendant's plea of *res judicata,* and
thereupon the parties introduced the evidence on the
main issue, and the case was submitted to the jury, and
a verdict returned in favor of the plaintiff.

The testimony showed that the plaintiff claimed
title through Mary Day, her sister; that she was living
with her husband at the time suit was brought against
Mary Day and her husband; that a decree was rendered
against this plaintiff's husband and Mary Day, and
Hervey, the grantor of appellants, was decreed to be the
owner and entitled to possession of the land involved
in this suit. Plaintiff offered to introduce in the trial of
the case before the jury the decree of the chancery court.
Objection was made and sustained, and appellants were
not permitted to introduce and read in evidence the decree
of the chancery court.

As the judgment or the decree of the chancery court, introduced on the question of *res judicata,* is binding on the wife, the suit being against the husband, the plea should have been sustained by the court. It appears that the husband and wife were living together on this 15 acres as husband and wife; that the suit was against the husband alone, a decree rendered, a writ of possession issued, and, as a result of the decree and writ of possession, both the husband and wife and Mary Day vacated the premises, and possession was delivered to the grantor of appellants.

A majority of the judges are of opinion that this was not the separate property of the wife, but that, the husband and wife living together, the husband's occupancy was her occupancy, or rather that she was occupying it as a wife and because her husband was occupying it; that the domicile of the husband is the domicile of the wife, and that the decree in the chancery court, although the wife was not a party, under the circumstances in this case, was binding on her.

The writer does not agree with this view, but a majority of the judges do, and it is therefore the opinion of the court that the decree of the chancery court, although the wife was not actually made a party, is binding on her as well as the husband.

"A judgment in favor of or against the husband in an action involving a debt due the community will, it has been held, bind the wife, regardless of her nonjoinder." 21 Cyc. 1694.

"The judgment in an action by a husband to determine the boundary line of land which was community property is conclusive on both husband and wife, although the wife was not a party to the action, in the absence of proof that it was brought without her consent." *Leggett* v. *Ross,* 14 Wash. 41, 44 Pac. 111.

"A judgment in an action against a husband only to determine adverse claims to land is a bar to subsequent action by such husband and his wife against plaintiff in

the former action involving the same questions, although the land is community property.'' *Lichty v. Lewis,* (C. C. A.), 63 Fed. 535.

''But to give full effect to the principle by which parties are held bound by a judgment, all persons who are represented by the parties and claim under them or in privity with them are equally included by the same proceedings. * . * * The ground therefore upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party, is that they are identified with him in interest; and whenever this identity is found to exist, all are alike concluded. Hence all privies, either in estate, in blood, or in law, are estopped from litigating that which is conclusive on him with whom they are in privity.'' *Litchfield v. Good-nose,* 123 U. S. 549, 8 S. Ct. 210, 31 L. ed. 199.

It is the opinion of the majority of the judges that Senie Hervey, being the wife of Isom Hervey, living with him at the time that she was represented by the husband in the suit, was in privity with him, and equally concluded by the proceedings.

''A judgment in favor of or against the husband in an action involving a debt due the community will bind the wife, regardless of her nonjoinder. But some courts hold that, where the wife was not a party defendant in an action wherein judgment was rendered against the husband, she is entitled to a determination, in an appropriate action or proceeding, of the question whether the judgment was based on a community debt or liability. A determination as to the community character of certain property is *res judicata* where it is fairly in issue and both husband and wife are parties. And in jurisdictions where the wife is not a necessary party in actions against the husband affecting community real property, a judgment against the husband is binding and conclusive upon him, the wife, and the community estate, is not to be impeached by a collateral action, and stands as a valid adjudication until annulled or reversed in some direct

proceeding for that purpose. Where the wife directly attacks the judgment and seeks to have it reopened, she can urge only such defenses as existed at the time of the rendition of the judgment, and not those subsequently accruing. And even in jurisdictions where both husband and wife are necessary parties in actions affecting community real property, a judgment either for or against the husband in an action to which the wife is not a party is not necessarily void on collateral attack; where the action was brought by the husband alone, the judgment is binding on the wife, unless she avoids it by showing that it was commenced and prosecuted without her knowledge or consent.'' 31 C. J. 160.

This court has many times held that the domicile of the husband is the domicile of the wife, even though the wife may abandon and desert her husband and live in another State. The husband is the head of the family, and, as such, according to the opinion of the majority, had the right to represent his wife in the suit, which resulted in a decree against the husband. Moreover, if he did not have the absolute right to do so, when the writ of possession was issued the wife made no claim to any interest in the land separate from her husband. She vacated when he did, and made no claim that it was her property and that she was not bound by the judgment against her husband. Her conduct was a ratification of the acts of her husband, and she is bound by the judgment, and the plea of *res judicata* should have been sustained. Again, the person under whom she claims was a party to the suit, and that judgment would bind her. She claimed under Mary Day, and the suit was against Mary Day, and the decree was against Mary Day, specifically awarding to appellants' grantor against Mary Day and the husband of the appellee. And judgments are binding upon all parties and their privies.

''In regard to the persons in whose favor or against whom the doctrine of *res judicata* is applicable, it is well settled that a judgment or decree is binding upon all par-

ties to the proceeding in which it was rendered and their privies." 15 R. C. L. 1005.

"As used when dealing with the estoppel of a judgment, privity denotes mutual or successive relationship to the same right of property, and it is classified as privity in estate, privity in blood, and privity in law, in all of which kinds there must be an identity of interest. A privy in estate is one who derives title to property from another. He comes in by succession to property by contract or law. To make one person a privy in estate to another, that other must be predecessor in respect to the property in question, from whom the privy derives his right or title. Examples of this class of privies are joint tenants, donor and donee, lessor and lessee, and successors in office. Privies in representation are illustrated by executor and testator, administrator and intestate." 15 R. C. L. 1015.

In this case the appellee here was certainly privy in estate to Mary Day, under whom she claimed. Claiming under Mary Day and being the wife of Isom Hervey, living with him at the time, the husband being the head of the family, the judgment against Mary Day and the husband of Senie Hervey is binding on Senie Hervey.

Having held that the plea of *res judicata* was proper and should have been sustained, it becomes unnecessary to discuss the other points raised by counsel.

The judgment of the court is reversed, and remanded with directions to sustain the plea of *res judicata* and dismiss plaintiff's complaint.