HILL *v.* VILLAGE CREEK DRAINAGE DISTRICT.

4-8772                                    219 S. W. 2d 635

Opinion delivered March 28, 1949.

Rehearing denied May 9, 1949.

*W. E. Beloate,* for appellant.

*Smith & Judkins* and *Blackford & Irby,* for appellee.

GEORGE ROSE SMITH, J. This is the third attack upon a sale by which certain land in the town of Minturn was sold to the appellee district in 1939, in proceedings for the collection of delinquent drainage taxes. The sale was first questioned by appellant's sister, Fairbelle Mitchell, who then asserted title to the property. After Mrs. Mitchell's death that suit was continued by her daughter, as her sole heir. The case was before this court twice, the decisions being in favor of the district and its grantees. *Shinault* v. *Wells,* 208 Ark. 198, 186 S. W. 2d 26; *Wells* v. *Golden,* 209 Ark. 378, 191 S. W. 2d 251. Mrs. Mitchell's widower and daughter then brought a suit in federal court, but again the attack failed. *Mitchell* v. *Village Creek Dr. Dist.,* 158 Fed 2d 475 (C.C.A. 8).

Appellant now assails the district's proceedings upon the basis of objections which were or could have been raised in the earlier cases. To meet the defense of

2

*res judicata* he relies upon a lost unrecorded deed by which Mrs. Mitchell is said to have conveyed to him a life estate, in 1924. The chancellor doubted if his testimony was sufficiently clear and convincing to establish the lost instrument, but we prefer to rest our decision on the broader ground of estoppel. Appellant actively supported his sister when she claimed the land in the first suit. He acted as her agent in making a tender of taxes. He testified in her behalf, saying that he had been in possession of the property for nineteen years as Mrs. Mitchell's tenant. Even if his account of the lost deed be accepted, it merely proves that appellant concealed his interest in the property by swearing that he was merely a tenant and thus speculated upon the hope that his grantor would prevail in her action. Under familiar principles of equitable estoppel he cannot be permitted to say that he is not bound by the earlier judgment. *Collum* v. *Hervey*, 176 Ark. 714, 3 S. W. 2d 993; *Williams* v. *Davis*, 211 Ark. 725, 202 S. W. 2d 205.

Affirmed.