CARRIGAN *v.* CARRIGAN.

4-9379                                                  236 S. W. 2d 579

Opinion delivered February 19, 1951.

*Mallory & Rasmussen,* for appellant.

*Hebert & Dobbs,* for appellee.

ED. F. McFADDIN, Justice. This appeal stems from the efforts of the appellant, Iverna Carrigan, to collect from her former husband, Walter Isaac Carrigan, her judgment for unpaid alimony. The question now to be decided is whether the decree of the Garland Chancery Court in appellant's prior suit (No. 16,125) was *res judicata* in appellant's present suit (No. 25,534) in the same Court.

In August, 1941, the Garland Chancery Court granted Iverna Carrigan a divorce from Walter Isaac Carrigan; and in the decree he agreed, and the Court directed him, to make semi-monthly payments of alimony. Shortly after the decree, Walter Isaac Carrigan married his present wife, Ruby Carrigan, and allowed his alimony payments to appellant to become, and remain, in arrears. In February, 1949, Iverna Carrigan filed against Walter Isaac Carrigan her petition (in Case No. 16,125) in the Garland Chancery Court, seeking, *inter alia*, (a) judgment for back alimony in the sum of $13,884, and interest; and (b) "an order sequestering[1] the property of the defendant, Walter Isaac Carrigan, until he shall comply with the orders of this Court, . . .".

There was a trial in Case No. 16,125: eight witnesses testified, and the transcribed testimony and exhibits contained 79 pages. On April 20, 1949, a decree was rendered in favor of Iverna Carrigan for $16,014.66 back alimony. The decree also stated:

". . . That the evidence fails to show that the defendant, Walter Isaac Carrigan, is the owner of any property, real or personal; that there is insufficient evidence to establish a basis for ordering a writ of sequestration. . . .

". . . that the prayer of plaintiff's petition for an order sequestering the property of the defendant until he shall comply with the orders of this Court be, and the same is hereby, denied . . ."

Thereafter, when execution, issued on the $16,014.66 judgment was returned *nulla bona,* Iverna Carrigan instituted, on October 4, 1949, in the Garland Chancery Court, the present suit, No. 25,534, against Walter Isaac Carrigan and Ruby Carrigan. The petition alleged, *inter alia,* that Walter Isaac Carrigan was in truth and in fact the owner of the Shamrock Liquor Store which was fraudulently in the name of his present wife, Ruby Car-

---

[1] Sec. 34-1212, Ark. Stats., provides for such sequestration; since it reads:

"Courts of equity may enforce . . . decrees or orders for alimony . . . by sequestration of the defendant's property, . . ."

rigan, in order to prevent Iverna Carrigan from collecting her judgment; and prayed, *inter alia,* that defendants be required "to divulge to the Court and to the plaintiff the true ownership of said business, namely, Shamrock Liquor Store, . . . and any other assets, real or personal, in which the defendant, Walter Isaac Carrigan, had an interest or may have an interest, . . ."

In resisting Case No. 25,534, the defendants claimed that Ruby Carrigan was the real owner of the Shamrock Liquor Store, and stated in their answer:

". . . That in said cause number 16,125 in the Garland Chancery Court of Arkansas the plaintiff herein sought an order of sequestration of the property of the defendant, Walter Isaac Carrigan, and that in such cause said defendant, Walter Isaac Carrigan, fully divulged to this court and to the plaintiff herein, the true ownership of said business, namely Shamrock Liquor Store. . . . The defendants further state that the plaintiff is not entitled to any relief . . . in that both defendants herein have, in the said cause 16,125 in Garland Chancery Court, heretofore fully revealed and divulged to this court all of their respective assets . . ."

At the trial of Case No. 25,534 the plaintiff introduced the judgment and some of the pleadings in Case No. 16,125, and consented that the defendants might introduce all the other pleadings. Then the defendants sought to introduce all of the *transcribed testimony and exhibits* in Case No. 16,125, offering as a reason for such introduction:

"In this proceeding" it is asked "that the defendants be required to divulge to the court and to the plaintiff true ownership of the business, namely, Shamrock Liquor Store. In the cause in which the transcript was made, there was a prayer for sequestration of the property of the defendant, Walter Isaac Carrigan, and to show cause why he had not paid alimony. Thus the issues in that cause and this cause are the same and identical insofar as showing or divulging what property the defendant, Walter Isaac Carrigan, owned, . . ."

Over the objection of Iverna Carrigan the trial court admitted into evidence all the said testimony and exhibits in Case No. 16,125; and in the final decree in Case No. 25,534 (the present case) the Chancery Court denied plaintiff's petition, saying:

"That the issue herein of whether the defendant, Walter Isaac Carrigan, was on the 20th day of April, 1949, and prior thereto, the owner of any property located in Garland County, Arkansas, or the owner of the Shamrock Liquor Store . . . was an issue in the hearing in which the decree rendered in Chancery Action No. 16,125, wherein the plaintiff in this cause was plaintiff and the defendant in this cause, Walter Isaac Carrigan, was defendant and prayer for sequestration of said defendant's property was made."

The net effect of the decree of the Chancery Court in this Case No. 25,534 was to deny Iverna Carrigan's petition on the basis that the decree in Case No. 16,125 was *res judicata* of the issues in Case No. 25,534. The ruling on *res judicata* is determinative of Iverna Carrigan's present appeal. In *Mo. Pac. Rd. Co.* v. *McGuire,* 205 Ark. 658, 169 S. W. 2d 872, and again in *Shatford* v. *Shatford,* 214 Ark. 612, 217 S. W. 2d 917, we stated the rule of *res judicata* from 30 Am. Jur. 908:

" '. . . the doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' " See, also, 34 C. J. 742.

The defendants' pleadings in Case No. 25,534, as previously copied, sufficiently pleaded *res judicata.* (See *Bolton* v. *Mo. Pac. Rd. Co.,* 148 Ark. 319, 229 S. W. 1025; see, also, 30 Am. Jur. 990; and Freeman on "Judgments", 5th Ed., § 804.) Under the plea of *res judicata,* it was proper for the Court to examine the evidence offered in Case No. 16,125 to see whether the matters presented in Case No. 25,534 had been decided in the

former case. In *McCombs* v. *Wall*, 66 Ark. 336, 50 S. W. 876, Mr. Justice BATTLE quoted, with approval, this language from *Russell* v. *Place*, 94 U. S. 606, 24 L. Ed. 214.

" 'It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. But to give this operation to the judgment it must appear either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible.' "

An examination of the evidence offered in Case No. 16,125 clearly discloses that the same question presented in the Case No. 25,534—*i. e.,* Walter Isaac Carrigan's ownership of the Shamrock Liquor Store—was the point at issue to which the evidence was directed, and was the matter definitely decided, in the Case No. 16,125. Likewise, the nature of the proceeding instituted by Iverna Carrigan in Case No. 16,125 is sufficiently similar to the nature of the proceeding in Case No. 25,534, so as to make applicable the rule of *res judicata.*

It cannot be successfully urged that the plea of *res judicata* should be denied, on the ground that Ruby Carrigan was not a *party* to Case No. 16,125. She was the wife of Walter Isaac Carrigan and was present and testified in the trial of Case No. 16,125; in fact, she was the witness whose testimony consumed a large part of the record in that case. In *Collum* v. *Hervey,* 176 Ark. 714,

3 S. W. 2d 993, we held that the rule of *res judicata* applied to a wife who was not a party to the former litigation, but who necessarily knew of it, and whose rights were directly affected by it. In *Hill* v. *Village Creek Dist.*, 215 Ark. 1, 219 S. W. 2d 635, the rule of *res judicata* was applied to a brother who testified, and assisted his sister, who was a party in the former suit. The rationale of these cases is applicable here. In 30 Am. Jur. 960, in discussing what persons are bound by previous litigation, even though not formal parties of record, the holdings of the cases are summarized in this language:

"The strict rule that a judgment is operative, under the doctrine of *res judicata,* only in regard to parties and privies is sometimes expanded to include as parties, or privies, a person who is not technically a party to a judgment, or in privity with him, but who is, nevertheless, connected with it by his interest in the prior litigation and by his right to participate therein, at least where such right is actively exercised by the employment of counsel, control of the defense, filing of an answer, payment of expenses or costs of the action, or doing of such other acts as are generally done by parties." See, also, Freeman on "Judgments" (5th Ed.) § 432, *et seq.*

Neither can appellant successfully say that Case No. 25,534 should be considered as a petition to set aside the decree in Case No. 16,125 on the ground of newly discovered evidence; because there is no showing that would take the case at bar out of the holding in the case of *Papa* v. *Jackson*, 188 Ark. 1167, 67 S. W. 2d 187.

The decree is affirmed.