FLEMING *v.* COOPER.

5-442                                          271 S. W. 2d 772

Opinion delivered October 4, 1954.

[Rehearing denied November 8, 1954.]

*Jeff Duty,* for appellant.

*Lovell & Evans,* for appellee.

WARD, J.   The principal question presented by this appeal is: Under what circumstances may it be presumed that the pleadings in a chancery proceeding were treated as amended to conform to the evidence? To properly present the question it is necessary to set out the material portions of the pleadings and the decree.

*The Complaint.*   Appellee, Ellis Cooper, who was the plaintiff below, alleged: That he had for eight or ten years been a tenant on a farm belonging to appellant, Joe W. Fleming, and his tenancy was from year to year; that as such tenant he was to pay to appellant one-half of the net proceeds from the farm; that during the year 1951 he furnished one-half of the vetch and rye seed, did all the labor incidental to sowing the same, all without any notice

from appellant that he would not be allowed to remain on the premises for the year 1952; that appellant gave him notice [shown later to be in November or December 1951] to vacate the premises; that he voluntarily vacated the premises to "avoid any trouble in a lawsuit"; that appellant has harvested approximately $1,680.00 worth of vetch and rye seed from the premises and refuses to account for same; and, that appellant has in his possession approximately $450.00 paid to him by the Welch Grape Juice Company, one-half of which amount belongs to appellee, and appellant refuses to turn over to him his portion.

The prayer was for an Order against appellant [and also Tom Gately whom appellant had placed on the premises in 1952] restraining them from selling the said seed; that the Welch Grape Juice Company be required to pay the said $450.00 into court; that he have judgment for one-half of the value of the above items; and, that he have judgment against appellant for one-half the value of the rye and vetch seed grown on the said premises, and for all other relief to which he might be entitled.

*Answer and Cross Complaint.* Appellant entered a general denial, and in his cross complaint alleged that appellee owed him for certain advances made during the years 1949 to 1952 inclusive, amounting to approximately $550.91; and that appellee's tenancy expired by its own terms on January 1, 1952 and that thereafter appellee had no interest in the crops grown on the said premises.

*Reply.* Appellee replied: That appellant had failed to take account of certain income received from the premises during the said years; that he had had a final accounting and settlement with appellant at the end of each of the said years; and, that appellant was entitled to nothing on his cross complaint.

Upon the issues thus joined a hearing was had at which much testimony was introduced by both sides, and at the conclusion of the hearing the chancellor found against appellant on his cross complaint, and made certain awards to appellee as will be more fully set out later.

Before proceeding further with this opinion we make the following explanation. While all of the testimony taken at the hearing before the chancellor is on file in this Court, it cannot be considered by us in arriving at a conclusion. The reason is that this Court previously sustained appellee's motion to strike the Bill of Exceptions. Consequently we can consider only errors that may appear on the face of the record.

*The Decree.* "On this 30th day of September, 1953, pursuant to a recess, the within styled cause comes on to be heard and on the pleadings of the parties herein this court having heard all the evidence, oral and documentary, finds:

"1. That during the year 1939 Ellis Cooper became the tenant from year to year of the defendant, Joe W. Fleming, which tenancy had not been terminated at the time this action was brought on August 4, 1952.

"2. That in November or December of 1951, Joe W. Fleming demanded that Ellis Cooper leave the said premises and that the defendant Joe W. Fleming, had a notice to vacate served on the plaintiff, Ellis Cooper, on January 9, 1952, by the Sheriff of Washington County, Arkansas, and that Ellis Cooper left the said premises on January 22, 1952 to avoid being evicted by the Sheriff from said premises; that no legal action as required by the statutes was ever served on Ellis Cooper to vacate said premises.

"3. That Ellis Cooper performed services and labor and furnished materials on the said premises in the year 1951, subsequent to the harvesting of the 1951 grape crop and prior to the time he was served with notice to vacate; which services, labor and material were of material benefit to the said defendant, Joe W. Fleming, in growing the 1952 crop on said premises; that Ellis Cooper used materials of his own in the form of rye and vetch seed; that a part of these were harvested in the form of crops in the year 1952, and a part was cover for the grapes in 1952 and which cover crops materially benefited the 1952 crop.

"4. That on a motion to modify the temporary restraining order held on August 25, 1952, with the consent of the plaintiff, one-half of the rye and vetch seed was released to the defendant Joe W. Fleming, and all the Doark vetch seed, consisting of nine bushels, was released to the defendant, Fleming, the court directing that he measure the same and be accountable for the value of the same; it was stipulated at that time that there were 181 bushels of rye and vetch seed and nine bushels of Doark seed and that the value of the seed was $3.50 per bushel.

"5. That there has been deposited into the registry of the court by the Welch Grape Juice Company, Inc., the sum of $928.08 which proceeds are bonus payments on the grape crops raised on said premises for the years 1950 and 1951; that the said Welch Grape Juice Company, Inc., or its successors or assigns had issued a grape allocation certificate for the 1951 crop in an amount of $875.00 which is due September 1, 1972. [1952]

"6. That the defendant Joe W. Fleming after the wrongful notice and eviction of Ellis Cooper, placed on the said premises for the year 1952, one James T. (Tom) Gately and that during the year 1952, there was harvested from the said premises grapes in an amount of $3,626.77 and that the expense of growing the 1952 crop of grapes was $1,800.17 leaving net from said grapes the sum of $1,826.60.

"7. That the plaintiff, Ellis Cooper, herein is due the said Joe W. Fleming a credit of $84.00 by reason of funds loaned by the said Fleming to Cooper for the years 1948 or 1949.

"8. That the cross-complaint of the said Joe W. Fleming alleging charges for the years 1949, 1950 and 1951 is without merit and the same is hereby dismissed.

"IT IS THEREFORE, the judgment, order and decree of this court that the clerk of the court, herein is authorized and directed to pay the costs of this action out of the proceeds in court; that the clerk is further directed to pay to the said Ellis Cooper one-half of the

proceeds remaining in the hands of the court and the other one-half to the defendant Joe W. Fleming; that Ellis Cooper is entitled to the rye and vetch seed in the amount of ninety and one-half bushels now on the premises and is entitled to the value of one-half of the Doark seed used by the said Joe W. Fleming which was released to the said Joe W. Fleming on August 25, 1952; that the grape allocation certificate issued for the year 1951 is hereby divided equally between the plaintiff, Ellis Cooper and the defendant, Joe W. Fleming and a certified copy of this order is authority for the Welch Grape Juice Company, Inc., its successors or assigns to execute the said certificates in the proportions herein set forth; judgment is herein rendered against the said Joe W. Fleming and James T. (Tom) Gately in favor of the plaintiff, Ellis Cooper, for one-half of the grape allocation certificates to be issued on the 1952 crop. Judgment is further rendered against the said Joe W. Fleming and James T. (Tom) Gately in the sum of $828.80 which sum is one-half of the net proceeds of the 1952 grape crop and giving to Joe W. Fleming credit for $84.50 due him by the said Ellis Cooper. The said Welch Grape Juice Company, Inc., herein having paid into the registry of this court all money belonging to the plaintiff and defendant herein for the crop years of 1950 and 1951 in an amount of $928.08 is hereby released and discharged. Defendant Joe W. Fleming, herein excepts and prays an appeal which is granted.''

It is, of course, unnecessary to discuss the amounts awarded to appellee or the court's finding against appellant on his cross complaint. Appellant does not and cannot challenge these findings because we are not at liberty to review the evidence, and so must assume that it sustains the chancellor's findings on these items.

*The only allegation of error* relied on by appellant for a reversal of this cause is stated by him in this language: ''The pleadings filed by appellee do not state a cause of action against the appellant and the court, by its findings in the face of the decree, erred in rendering judgment thereon.''

It is contended by appellant that the complaint and the decree show appellee voluntarily surrendered the premises, and, therefore, had no further rights under the contract and no interest in the crops raised on the premises in 1952. This contention apparently does not, and we think cannot, apply to any rights which had already accrued to appellee before he vacated the premises in January of 1952, such as his claim for seed furnished and planted in 1951 to be harvested in 1952 and also the Grape Juice Company's allocation certificate for the year 1950 and 1951. Nor can we agree with appellant in his contention as it applies to any of the other items in the decree. We do not interpret the language in the complaint or the decree as a voluntary surrender of the lease contract by appellee. In each instance the language is to the effect that appellee left the premises to avoid eviction by the sheriff and a suit in court. The chancellor found that in November or December 1951 appellant demanded that appellee leave said premises and that on January 9, 1952 he had the sheriff serve a notice on appellee to vacate, and that appellee did vacate on January 22, 1952 *to avoid being evicted by the sheriff*. It thus appears that appellee did not leave voluntarily in order to effect a compromise or a settlement of some disputed claim, but because he was confronted with this situation: If he did not vacate he knew he was faced with the prospect of an unlawful detainer suit, and in this event he would be evicted by the sheriff, or he would have to file a cross bond. In the latter event he would have to make a bond in the amount, as it appears, of approximately $3,500.00 and would have to do so within a period of five days, and in all events he would have to employ an attorney to defend a suit in court. Under all these circumstances we think the chancellor was correct in holding that appellee did not voluntarily leave the premises in such a way as to affect his rights under the lease contract. It is not contended by appellant that he had given appellee the six months notice which, under the law, was necessary to terminate a lease from year to year. See *Chappell* v. *Reynolds,* 206 Ark. 452, 176 S. W. 2d 154.

Again, as we understand appellant's argument, it is urged that the complaint does not state a cause of action because it fails to allege a breach of the lease contract and fails to allege and pray for the relief which the trial court granted appellee. In this connection appellant contends that it was not necessary for him to demur to plaintiff's pleadings or otherwise call attention in any pleading to the alleged deficiency. In support of this latter argument appellant cites several cases among which *Faulkner* v. *Faulkner*, 186 Ark. 1082, 57 S. W. 2d 818, and *Railway Express Agency, Inc.* v. *H. Rouw Company*, 197 Ark. 1142, 127 S. W. 2d 251, are typical. These cases, appellant says, are to the effect that a plaintiff is bound by the allegations of his complaint and that on appeal to this Court the question can be presented for the first time.

The argument of appellant as supported by the above cases is not applicable in the situation confronting us here. In the cited cases the entire record was before the court and it was able to determine that the proof followed or substantiated the allegations in the pleadings. In the case which we are now considering none of the testimony presented before the trial court is available for our inspection and we are unable to determine whether the testimony conforms to or differs from the allegations in appellee's complaint.

In the situation presented to us, as heretofore stated, we must assume that the trial court heard testimony which justified the findings it made and that it treated the pleadings in this case as amended to conform to the proof. This rule has been many times announced by this Court as it was in the case of *Dumas* v. *Daniels*, 178 Ark. 489, 11 S. W. 2d 5. In the cited case appellant contended the complaint did not state a cause of action and that it was contradictory in its allegations. This Court there rejected this contention, saying:

"Since the appellant did not demur to the pleadings, but filed an answer and treated the complaint as sufficient, and testimony having been introduced without ob-

jection, the pleadings must be treated as amended to conform to the testimony taken without objection.''

In the case under consideration appellant cannot of course contend that any of the testimony was objected to since the record is not before us.

In view of what has been said above we hold that the chancellor had a right to treat the pleadings as amended to conform to the testimony and that the testimony, which we are not at liberty to examine, was sufficient to sustain the findings of the chancellor.

Affirmed.