RENSCHLER v. BRANTLEY.

5-2526                                    351 S. W. 2d 842

Opinion delivered December 11, 1961.

*George E. Pike,* for appellant.

*John W. Bailey* and *William C. Daviss,* for appellee.

PAUL WARD, Associate Justice. This is a dispute between an association known as Little Rock A. A. Group No. 1 (hereafter referred to as No. 1) and an association known as Arkansas County A. A. No. 2 (hereafter referred to as No. 2) over a savings account in the amount of $2,399.80 and a checking account of $33.57 in the First National Bank of DeWitt to the credit of No. 1.

No. 1 was organized, but never incorporated, some twenty years ago in Little Rock where its members held regular weekly meetings. From time to time the membership of the association varied between seven and twenty. Approximately eight or nine years ago a few people (five to seven) from Arkansas County joined No. 1 and attended the weekly meetings. It was the usual thing for each member to donate one dollar each week whether he attended or not. This money was turned over to the person designated as treasurer for deposit. The money was used for various purposes, such as: to pay necessary expenses incurred, to pay for association luncheons once in a while and to make donations to worthy causes. The primary purpose of the association was to help members with problems arising from the use of alcoholic beverages. The association had a chairman, a secretary and a treasurer.

On October 30, 1958 at a regular meeting of No. 1 the members from Arkansas County, without any semblance of dissatisfaction or ill will, announced their decision to withdraw from No. 1, as a matter of convenience, and form an association in their own county. Following this No. 2 was organized. At this time Adolph Renschler of Arkansas County was the only selected treasurer of No. 1. On January 23, 1959 he wrote two checks on the DeWitt bank for one-half of the funds

credited to No. 1, and mailed same to that association. At the same time Renschler wrote a check for the rest of the money on deposit to the credit of No. 1 and delivered it to No. 2.

Upon refusal of No. 2 to deliver all the money to No. 1, this suit was instituted against Adolph Renschler by the chairman of No. 1 for the use and benefit of the association to compel delivery. The complainant alleges he is duly authorized by and acting for the association. An answer was filed by appellant in which he admitted he was the duly qualified and elected treasurer of No. 1 when the checks were written and both No. 1 and No. 2 had cashed said checks. He also pleaded estoppel. Testimony was taken, and the trial court made extensive findings on two points: One, No. 2 had no right to the money, and; Two, there was no accord and satisfaction resulting from the fact that No. 1 cashed the check. Based on these findings the trial court entered a decree ordering No. 2 to deliver the money to No. 1 within ten days, otherwise a money judgment "is granted . . . against the defendant, Adolph Renschler", personally.

The two points relied on by appellant for a reversal are the same two points mentioned above upon which the trial court based its decree.

*One.* We think the trial court was correct in holding appellant had no right to any of the money deposited in the DeWitt bank to the credit of No. 1. Without attempting to decide whether the members of No. 2 have any moral or legal right to a portion of the money deposited to the credit of No. 1 in the DeWitt bank, it is clear that appellant had no right or authority to make an arbitrary division of the same between the two groups. He admits that he was the duly qualified and elected treasurer of No. 1, and, as such, he held custody of the money as trustee. The money did not belong to him personally. There is no contention by appellant that the members of No. 1 authorized or directed him to divide the money. Neither does appellant contend he was so

authorized or directed by the members of No. 2, and they are not parties to this suit.

*Two.* Again we agree with the chancellor that the facts in this case do not support accord and satisfaction. In fact, we are of the opinion that the rule of accord and satisfaction has no applicability to a situation of this kind. That rule is generally applied where the relation of debtor and creditor exists or where one person has a valid claim against another. See: *Fleming v. Cooper,* 225 Ark. 634, 284 S. W. 2d 857, and *DeSoto Life Insurance Company* v. *Jeffett,* 210 Ark. 371, 196 S. W. 2d 243. Moreover, the chancellor, after setting forth the testimony in detail, found that the facts did not support appellant's claim of estoppel or accord and satisfaction and we think the chancellor's finding is supported by the weight of the evidence. It is true that the members of Group No. 1 received and deposited the check for one-half of the Group's funds but this action was consistent with their claim to being owner of all the funds since there was nothing on the check to indicate it was meant to be in full settlement. The testimony in the form of letters and conversations clearly shows that the members of No. 1 never at any time agreed to settle with appellant for one-half of the funds.

The decree of the trial court is accordingly affirmed.

Affirmed.