## FULLER *v.* HAWKINS.

Opinion delivered February 23, 1895.

*Reformation—Mistake.*

Where it is clearly established that a note and mortgage were, by mutual mistake, executed for a smaller sum than intended, equity will, as between the parties, decree reformation in accordance with the transaction as it was actually agreed upon.

Appeal from Scott Circuit Court in Chancery.

EDGAR E. BRYANT, Judge.

### STATEMENT BY THE COURT.

L. P. Fuller brought suit in equity against A. D. Hawkins and his wife, Fannie A. Hawkins, in the Scott circuit court. His complaint is as follows: "That on the——day of November, 1890, he (plaintiff), as sheriff of Scott county, levied a number of writs of attachment in favor of a number of attaching creditors on a certain stock of goods and merchandise in the town of Boles, Scott county, Ark., as the property of John A. Rose and G. W. Gatlin, merchants doing business under the firm name of Rose & Gatlin. That after said levies were

made, at the instance and by the consent and request of said attaching creditors and said Rose & Gatlin, he, on the 28th day of November, 1890, sold said stock of goods and merchandise to defendant A. D. Hawkins at 75 per cent. of their invoice price, and on a credit from date of sale, November 28, 1890, till February 1, 1891, the said defendant, A. D. Hawkins, executing his promissory note drawing interest at the rate of 10 per cent. per annum from date of sale till paid ; and, to secure the payment of same, he and defendant Fannie A. Hawkins his wife, executed and delivered to plaintiff a mortgage on the following land in Scott county, Ark.: SE. quarter of SE. quarter of sec. 20 and NE. quarter of NE. quarter of sec. 29, Tp. 2 N. of range 28 W. (Copy of mortgage is exhibited with complaint). That said note and mortgage were drawn for $919.27, same being 75 per cent. of $1,225.61, the supposed invoice price of said stock of goods and merchandise, when, by the terms of the contract between plaintiff and defendant, A. D. Hawkins, for the sale of said goods and merchandise, said note and mortgage should have been drawn for the sum of $1,090.25, or an additional sum of $170.98, there being a mistake of $227.97 against plaintiff (appellant) and in favor of defendant in adding up the different pages in the book in which invoice of said stock of goods was made. That defendants refuse to reform said mortgage so as to include said sum of $170.98 or to pay the same. That, in a suit between this plaintiff and defendant A. D. Hawkins in this court (Scott circuit court), on the common law side thereof, at the February, 1892, term, on a trial of said disputed amount of $170.98, plaintiff recovered judgment for same—the sum of $170.98 and 10 per cent interest from November 28, 1890. (Copy of judgment is exhibited with complaint). That plaintiff has caused execution to be issued on said judgment, and no personal property of defendant A. D. Hawkins

could be found on which to levy same, and execution was levied on said land above described, the same embraced in the mortgage herein mentioned; and defendant A. D. Hawkins caused said land to be released from execution by having supersedeas issued from clerk of this court. That all of said mortgage debt, except said sum of $170.89 and interest, has been paid. That defendant still refuses to pay said sum, or to correct said mortgage so as to include same." Prayer for reformation of mortgage so as to include the said sum of $170.98, and for foreclosure and for general relief.

To this complaint the defendant interposed a general demurrer. The court sustained the demurrer, and dismissed the complaint, from which order of the court an appeal was taken.

*Daniel Hon* for appellant.

1. Defendant was liable for the $170.98 omitted from the note and mortgage by mistake. 52 Ark. 458.

2. Defendant being liable, the mortgage should have been reformed. 33 Ark. 126; Story, Eq. Jur. (12 ed.) secs. 151–2–3; 15 Am. & Eng. Enc. Law, 655 and notes, 655–661; 22 *id.* 979; 1 Hill, Mortg. 307; *Ib.* 311; 26 *id.* 982; 22 *id.* 917, 978 and notes. The demurrer should have been overruled.

RIDDICK, J. (after stating the facts.) The rule that a court of equity has the power to correct mistakes in deeds and mortgages, so as to make them conform to the intention of the parties in executing the same, is well settled. *Simpson* v. *Montgomery*, 25 Ark. 370; *Felton* v. *Leigh*, 48 Ark. 498; *Knight* v. *Glasscock*, 51 Ark. 390. "Whenever," says Mr. Jones, "there has been a material omission or mistake in the deed, so that it fails to express what the parties intended, a court of equity may, as between the parties, reform and correct it in accordance with the transaction as it was actually agreed

upon." Jones on Mort. sec. 97. Courts will not grant this relief unless the intention of the parties and the mistake in executing the deed are clearly established. *Rector* v. *Collins*, 46 Ark. 174; *Carnall* v. *Wilson*, 14 Ark. 487; *Hervey* v. *Savery*, 48 Ia. 313; *Alexander* v. *Caldwell*, 55 Ala. 517.

The complaint in this case does not directly allege, as it should do, that Hawkins agreed to execute a mortgage for 75 per cent. of the invoice price of the goods, and that, by mutual mistake, the mortgage was executed for a less sum. It alleges that the mortgage was, by a mistake in addition, drawn for $919.27, the same being 75 per cent. of $1,225.61, the supposed invoice price of the stock of goods and merchandise, when, by the terms of the contract, said mortgage should have been drawn for $1,090.25, without directly alleging what the contract was, or that Hawkins agreed to give the mortgage for a larger sum. But this, at most, was only a formal defect, for which the remedy was a motion for an order requiring the plaintiff to make his allegations more definite and certain.

So far as we can determine from the complaint, the property mortgaged was owned by A. D. Hawkins, the husband, and there is no question here about the right to compel a married woman to reform her deed. Though it may be defective in some respects, the complaint states substantially a good cause of action against A. D. Hawkins. As to him the judgment of the circuit court is reversed, and the cause remanded, with an order that the demurrer be overruled.