## ORR *v.* ORR.

4-7272                                    177 S. W. 2d 915

Opinion delivered February 21, 1944.

*Northcutt & Northcutt,* for appellant.

*Green & Green* and *Oscar E. Ellis,* for appellee.

GRIFFIN SMITH, C. J. The appeal is from a decree sustaining contentions of Mrs. Myrtle Orr that her former husband, as a condition precedent to court consideration of his action for divorce, agreed she should have half of his property, both real and personal. The wife, appellee here, alleged in her subsequent suit for specific performance that certain items—including money, notes, live

stock, a car, household goods, and farming implements—were worth $2,648.83, and that under the separation agreement she was entitled to $1,324.41, but appellant had refused to discharge this obligation. Prayer was that judgment for the sum sought be declared a lien on real property appellee had deeded to appellant—appellant having deeded to appellee certain lands they had estimated she was entitled to.

In the written contract of November 19, 1940, husband and wife (who were divorced four days later) agreed to submit their "cause" to the Chancellor in vacation. The following contractual provision is stressed by appellant:

"[The parties hereto] have settled between themselves their personal property and they agree to make deeds to each other [to certain described lands] when the divorce is granted, . . . said deeds to be placed [in escrow with a named agent], and when the divorce is granted [the agent] is to deliver each deed."

The decree of divorce, granted on the husband's complaint of cruel treatment, contained a reference to ". . . the agreement signed, by the plaintiff and defendant."

In response to appellee's specific performance suit, appellant moved to transfer to law, contending the action was for debt. When overruled, appellant demurred, calling attention to the fact that insolvency was not charged. He insisted the complaint did not state a cause of action, but if it did the plaintiff had an adequate remedy at law. In a subsequent motion to dismiss, the position was taken that the Chancery Court did not have jurisdiction to require specific performance of a contract for division of personal property. A general denial was then filed.

Appellant's brief presents his case under seven subdivisions: (1) The cause should have been transferred; (2) the statute under which appellee seeks relief does not apply; (3) the Court was without jurisdiction to reopen the divorce decree; (4) the contract, by its terms, precludes any action; (5) equity will not enforce specific performance of contracts involving personalty; (6) the

contract is too indefinite to justify the action, and (7) a lien cannot be fixed on appellant's real property to satisfy a judgment for value of half of the ·personal property. A general denial was then filed.

*First.*—The rule stated in *McDaniel* v. *Orner,* 91 Ark. 171, 120 S. W. 829, is that where specific performance is sought the criterion is whether there is an adequate remedy at law. In that case two Prescott newspapers conducted a so-called circulation popularity contest, offering prizes to winners in certain groups. A week before the announced date for closing the contest, a count of ballots showed Lizzie Mitchell to be well ahead of her rivals. Between·this count and the closing date for balloting, publishers of the newspapers announced the contest would ·be continued an additional thirty days. Mrs. McDaniel, alleging she had received the highest number of votes, brought suit in Chancery to prevent the defendants from awarding first prize to another. Insolvency was alleged. In the opinion, written by Chief Justice McCulloch, there is this statement:

"Whether the grand prize, for which the appellant claims to be the successful contestant, was a specific article, appropriated and set apart for the purpose of the award, or whether the contract [wherein the contest was publicly proclaimed] was merely an executory agreement to award an article of that description, in either event appellant's remedy at law was complete. If, as she contends, the contest was at an end according to its terms, and she was the successful contestant, and the defendant refused to award the prize to .her, then her remedy at law was complete."

*Cole* v. *Saylers,*[1] cited by appellant, involved real property and has no application insofar as the facts are concerned.

Finally, appellant relies upon Pomeroy,[2] who says, in effect, that where the contractual rights of a plaintiff will be fully satisfied by an action for profits and payment of the sum found due, and there is no obstacle to a

[1] 190 Ark. 53, 76 S. W. 2d 669.
[2] "Specific Performance of Contracts," (3d ed.) § 38.

recovery of such an amount at law, suit for specific performance cannot be maintained.

These holdings and expressions are in agreement with general principles where the evidence justifies their application. But, says appellee, appellant was not willing to have appellee's rights to share in his property adjudicated by the Court wherein the divorce was granted at his instance—and, quite clearly, in reliance upon an agreement that it would not be contested. Being the owner of considerable realty, and of personal property having an appreciable value,—as to both of which appellee had marital rights—appellant chose to avoid controversy by conceding that appellee was entitled to a designated share.[3] By this stratagem the Court had before it only the testimony necessary to satisfy statutory requirements for divorce. It was a proceeding in which the wife was not heard; nor was she represented by counsel in respect of details incident to form of the decree. Her testimony is that legal assistance was sought, but appellant informed her she was without means, and gave assurance no advantage would be taken.[4]

There can be little doubt regarding the Court's intentions when the divorce was granted. Reference to "the agreement signed [by the parties"] must have been to the property settlement. It was as much a part of the decree as was dissolution of the bonds of matrimony. Appellant got what he sought by the litigation. It is insisted that the agreement shows a consummated transaction—complete settlement of personal property rights. We are cited to the paragraph where it is said, "They have settled between themselves their personal property and they agree to make deeds." The words "have settled" must be taken to mean that the parties had agreed to settle—not that an actual division had taken place. It was not necessary to execute a deed to the personal property, but as to the realty appellant seemingly preferred to have that portion retained by him conveyed by appel-

---

[3] This statement is predicated upon assumption that by demurring appellant admitted facts pleaded in the complaint, although, finally, the cause was not tried on demurrer.

[4] It is intimated that appellant has remarried and lives in a foreign state.

lee's deed rather than decree of the Court. It was immaterial what course he elected to pursue.

We think the Court had power, in view of matters identified in the divorce decree, to compel its fulfillment. Appellant has not denied by testimony that the list of personal property testified to by appellee in the proceeding from which this appeal comes was the property to be divided. Under the agreement whereby title should vest in the respective parties with delivery of the deeds by the escrow agent when divorce was decreed, appellant became trustee; possession was entrusted to him. It must be presumed that the Court expected appellant to discharge promises whereby appellee surrendered her rights to answer appellant's complaint. Appellant, having at least constructively stated to the Court that he would abide the agreement, will not now be permitted to say that only the relationship of debtor and creditor was created; that after (as appellee asserts) disposing of the personalty or removing it, and after having established residence in another state, his promisee will be relegated to a court of law as the only relief available to her.

To prevail in the suit at bar appellee is not confined to the rights enumerated and the procedure set out in § 4393 of Pope's Digest; and, because of appellant's conduct, and in the absence of any defense by him on questions of fact, it must be presumed that from the beginning he intended to follow the course actually taken; hence the Court is not without power to compel him to discharge the duty.

What has been said disposes of appellant's assignments numbered 1, 2, 3, 4, 5, and 6.

*Seventh.*—On the same theory that a trust resulted in the personal property, appellant will be held to have dealt with his realty as a whole, utilizing it as an instrumentality to procure from his wife essential concessions. Division in kind is no assurance that division in value was achieved. To what extent negotiations between the two regarding personalty influenced the apportionment of lands is not shown. What appears to be certain is

that appellant, with real and personal property of undetermined value, (recognizing that his wife had interests he could not arbitrarily disregard) used his assets as a whole to produce a final result favorable to the status he desired. While a lien may not be fixed on the lands he retained, appellant, none the less, is in possession for the purposes contemplated in the decree and cannot defeat payment by fraudulent transfers.

Because the trial Court declared a lien instead of decreeing an equitable trust, the cause will be remanded with directions that procedure be in a manner not inconsistent with this opinion.