ORR *v.* ORR.

4-8229                                  204 S. W. 2d 545

Opinion delivered October 6, 1947.

*Northcutt & Northcutt,* for appellant.

*Green & Green* and *Oscar E. Ellis,* for appellee.

GRIFFIN SMITH, Chief Justice. This Court decided in Orr v. Orr[1] that as to certain land Frank Orr was

---
[1] *Orr* v. *Orr,* 206 Ark. 844, 177 S. W. 2d 915; opinion delivered February 21, 1944.

trustee, and that his divorced wife Myrtle could look to it in satisfaction of a balance of $1,324.41 Chancery Court had found to be due her through failure of the former husband to deliver specific personal property or account for its value. When our mandate issued March 13, 1944, it was found that Frank Orr, joined by Alice, (to whom he was married after divorcing Myrtle) had attempted to convey the property to a brother, W. M. Orr. The deed is dated March 11, 1943, and contains a recited consideration of $1,600. W. M. Orr sold to Lester Blair. This transaction occurred September 17, 1943. The recited consideration was $2,000.

The suit resulting in the decision of April 21, 1944, began with Mrs. Orr's petition to require her former husband's specific performance of a property settlement. Notice that suit was pending and that it involved the particular land was filed February 3, 1942, the divorce decree having been rendered November 22, 1940. The *lis pendens* states that purpose of Mrs. Orr's petition was to create a lien on the land.

Lester Blair married Myrtle Orr's daughter.[2] W. M. Orr had moved to Oklahoma, but after purchasing the land from Frank he placed Lester on the property as a tenant. There is testimony that Frank Orr resided at Seligman, Mo.

In January 1945 Myrtle Orr brought an action to cancel Frank's deed to Walter (W. M. Orr) and Walter's deed to Blair. She also asked that the land be sold to satisfy the judgment of $1,324.41. This appeal is from a decree of September 12, 1946, directing that the deeds be cancelled unless within sixty days the indebtedness in Myrtle Orr's favor be paid with interest and cost. The Court's Clerk was appointed Commissioner to sell the land in the manner provided for judicial sales.

The decree is correct. *Lis pendens* notice had the effect of giving constructive notice to Walter Orr and

---

[2] The testimony does not clearly show whether Myrtle Orr had been married prior to her union with Frank. It is stated that Lester married "her" daughter, and that Frank is his father-in-law.

Lester Blair that Myrtle Orr claimed an interest in the land, and this was enough. We also think there was sufficient proof to show that each had actual knowledge that litigation was pending wherein it was sought to declare a lien; and they must have known the nature of the petitioner's claim. A holding in *Bailey* v. *Ford,* 132 Ark. 203, 200 S. W. 797, is that after the dismissal or abandonment of an action, without express reservation, the *lis pendens* does not continue as constructive notice so as to affect the rights of parties intervening "between dismissal or abandonment and reinstatement or commencement of the action anew."

Appellants' theory seems to be that because the lien decreed in 1943 was not sustained, its full purpose had been served and rights acquired by Orr and Blair would relate retroactively to the dates of their deeds. The technicality is such in fact and the alleged rights resting upon it must give way to the superior claims of Mrs. Orr. When the appeal was disposed of in February 1944 the cause was remanded with directions that the trial Court proceed in a manner not inconsistent with the opinion. There was no period between issuance of the mandate and the decree from which this appeal comes when the trust did not exist. It was substituted for a lien and merely defined the position occupied by Frank Orr. It gave full protection to the prevailing party. For that purpose Mrs. Orr's interests were as completely preserved as they would have been if the lien had been sustained.

Affirmed.