CRAWFORD *v.* VINYARD.

5-2659 356 S. W. 2d 8

Opinion delivered April 9, 1962.

*J. B. Milham* and *Gladys M. Cummins,* for appellant.

*Hall, Purcell & Boswell,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Martha Gertrude Crawford, filed this suit to foreclose a vendor's lien. Foreclosure was denied on the ground that a mutual mistake had been made in preparing the instruments sued on. Reformation was ordered and the grantor has appealed.

On the 11th day of August, 1960, appellant sold the property involved to James Vinyard and his wife, Jimmie, for the consideration of $3,500.00. Six hundred dollars was paid in cash and a note was executed by the purchasers for the balance of $2,900.00, payable in monthly installments of $35.00 each, with interest from date until due at the rate of six per cent per annum and thereafter at the rate of ten per cent per annum until paid. A vendor's lien was retained to secure the payment of the purchase money. At the end of the first month after execution of the note the purchasers paid to appellant $35.00 and made 11 consecutive monthly payments of $35.00 each.

On July 15, 1961, the Vinyards sold the property to appellees, Neilan Huchingson and his wife Delores, subject to the vendor's lien. The Hutchingsons attempted to continue to make the monthly payments by sending to appellant a check in the sum of $35.00 each month. Appellant was unhappy with the Vinyards having sold the property and filed this action alleging that the purchasers had not paid the interest on the monthly payments. Appellees answered alleging that at the time the property was purchased it was agreed that the $35.00 monthly payments would include interest; that the note

and deed prepared by the grantor's attorney failed to express the true agreement of the parties and should be reformed accordingly. After considering all the evidence, the Chancellor held in favor of reformation.

The evidence is clear and convincing that the parties agreed that the $35.00 monthly payments would include interest. In addition to the direct testimony of James Vinyard to that effect, and no denial by appellant in her testimony, all the circumstances point to that conclusion. Just four days after the execution of the note and deed, appellant's attorney, who prepared the instruments, wrote to appellant as follows: "In regard to the balance owed you by Mr. Vinyard, you are advised that the table to which I referred shows that the time required to liquidate a debt of $2,900.00 at $35.00 per month with interest at 6% per annum is 107 months. In other words Mr. Vinyard will owe you 107 monthly payments of $35.00 each, in the event he lets this run the full time."

A copy of the letter was sent to appellee, James Vinyard. The letter shows rather conclusively that the attorney's understanding of the agreement was that the debt was payable in 107 monthly payments. Hence, the $35.00 monthly payments would include interest. If interest were payable monthly, in addition to the $35.00 payments, there would not be 107 payments. Moreover, for 11 months appellant accepted the $35.00 monthly payments without complaining or contending that interest in addition to the sum received was due. This is a strong circumstance that appellant's understanding was that the $35.00 payments included the interest.

In *Fuller* v. *Hawkins*, 60 Ark. 304, 30 S. W. 34, the Court said: "The rule that a Court of Equity has the power to correct mistakes in deeds and mortgages, so as to make them conform to the intention of the parties in executing the same, is well settled." To the same effect is *Wood* v. *Wood*, 207 Ark. 518, 181 S. W. 2d 481. In discussing reformation because of mutual mistake in 12 Am. Jur. 631 it is stated: "Relief is not precluded because of negligence if it is excused as where the mistake

is mutual and both parties have been negligent. This is the rule where the parties have instructed the drafting of the writing to an attorney or scrivener and it does not express what the parties intended it to express."

The decree erroneously provides that the agreement of the parties was that the note shall bear interest at six per cent per annum until paid. Appellees admit that this is error. The note provides that the interest shall be six per cent per annum until due and ten per cent thereafter until paid. To the extent indicated the decree is modified, and as modified it is affirmed.