FISHER *v*. FISHER.

5-3123                                               372 S. W. 2d 612

Opinion delivered December 2, 1963.

*Henry S. Wilson,* for appellant.

*Greer & Collier,* for appellee.

FRANK HOLT, Associate Justice. The principal issue presented in this case is whether the appellee should have a reformation of the deed she received from the appellant. This deed was part of a property settlement between them preceding their divorce. Following the divorce appellant instituted this suit alleging that he and the appellee owned twenty-six acres as tenants by the entirety. He asked for partition thereof and for his proper share of the rents collected by the appellee. In her answer appellee denied his assertions. By cross-complaint she contends that she is the sole owner of the disputed property

by the terms of their property agreement and that this tract of land was omitted through mutual mistake or fraud from appellant's deed to her, therefore, the deed should be reformed to include this land. The appellant denied the allegations in the cross-complaint and then pleaded as a defense the statute of frauds and *res judicata*. Upon a trial of the issues the Chancellor decreed reformation of the deed so as to convey to appellee the disputed lands. From that decree appellant brings this appeal.

For reversal appellant contends that the decision of the trial court is not sustained by sufficient evidence.

At the time of their separation in November, 1959, the appellant and appellee owned as tenants by the entirety: (1) A twenty-six acre farm, or the land in controversy, (2) a lot approximately one hundred thirty-eight feet square on which their home was located, and (3) personal property. The real and personal property were both encumbered by mortgages. Following their separation there is evidence the appellant was anxious for a divorce. Appellant's and appellee's daughter and son-in-law, Mr. and Mrs. McCanless, visited him and his paramour several times. The appellant importuned the daughter and son-in-law to act as an intermediary concerning his desire for a divorce. According to appellee, the daughter and son-in-law represented to her that if she would secure a divorce appellant would be willing to give her everything except the truck to which she agreed. Her daughter and son-in-law corroborate appellee's testimony.

There was never any direct contact between appellant and appellee during the negotiations. Pursuant to this understanding Mrs. Fisher, who is unlettered, claimed she took deeds and other papers to her attorney and asked him to draw up the necessary papers conveying all property to her except the truck. She also employed him to secure her divorce. The lawyer drafted a deed and bill of sale which were forwarded to the appellant who returned them with his signature. There-

upon the appellee secured her divorce. Appellee did not know the contents of the deed until some two or three months later when she discovered the twenty-six acres were omitted in the metes and bounds description. The appellant then refused to sign a quitclaim deed to this property and testified that when he had the deed read to him, since he was also unlettered, he noticed that the twenty-six acres were not included and otherwise he would not have signed it.

The lawyer testified that he thought he had included everything in the deed according to the papers presented to him. The deed which appellant signed, containing only the homestead, recited as part of the consideration:

"Her [appellee's] assumption of any mortgage or Deed of Trust which may be outstanding against this property on this date."

This property and the twenty-six acres were encumbered by the same mortgage. The bill of sale signed by appellant lists several implements of machinery which could only be used by the appellee in farming operations. The decree of divorce provides: "There are no property rights to be determined herein."

From the record in this case it appears that the appellant was on good parental terms with his daughter and his son-in-law, Mr. and Mrs. McCanless, who acted as intermediaries. As stated, appellee's version of the agreement was corroborated by them.

On appeal we do not disturb the findings of the Chancellor unless they are against the preponderance of the evidence. *Murphy* v. *Osborne,* 211 Ark. 319, 200 S. W. 2d 517. It is well settled that a court of equity has power to correct mistakes in a deed and conform it to the intentions of the parties based upon parol evidence of a clear, decisive and unequivocal nature. *Beneaux* v. *Sparks,* 144 Ark. 23, 221 S. W. 465; *Welch* v. *Welch,* 132 Ark. 227, 200 S. W. 139; *Foster* v. *Richey,* 192 Ark. 683, 93 S. W. 2d 1258; *Gray* v. *Gray,* 233 Ark. 310, 344 S. W. 2d 329; *Crawford* v. *Vinyard,* 234 Ark. 1003, 356 S. W. 2d

8. We think there was ample evidence of a clear, cogent and decisive nature to sustain the Chancellor's decree.

The only other contention advanced by the appellant for reversal is that the court erred in refusing to sustain his plea of *res judicata* to appellee's cross-complaint. It is true that a judgment upon a question directly involved in litigation is conclusive as to that issue in another suit by the same party or parties. It must appear, however, on the face of the record or by extrinsic evidence that the precise question was raised and determined in the former suit. *Carrigan* v. *Carrigan,* 218 Ark. 398, 236 S. W. 2d 579; *Smith* v. *Smith,* (Minn. 1952) 51 N. W. 2d 276; *Orr* v. *Orr,* 206 Ark. 844, 177 S. W. 2d 915; *Fullerton* v. *Fullerton,* 230 Ark. 539, 323 S. W. 2d 926; 32 A.L.R. 2d 1135.

In the case at bar the divorce decree specifically recites: "There are no property rights to be determined herein." The appellant and the appellee are in agreement that there was a property settlement between them before the divorce. They disagree only as to the inclusion of the twenty-six acres. The daughter and son-in-law corroborated the appellee's version of this agreement which was perfected before the granting of the divorce as is indicated by the very terms of the decree. It cannot be said that upon the face of the record or by extrinsic evidence the property rights between appellant and appellee were raised and determined in the divorce action. The property rights between them were withheld from the court's consideration and were not adjudicated by the court.

We agree with the Chancellor in rejecting the appellant's plea of *res judicata.*

Affirmed.