## L. O. GALYEN AND FREDA GALYEN v.
## MRS. OPAL GILLENWATER

5-5034                                    447 S. W. 2d 137

Opinion deilvered November 24, 1969

*Robinso*n & *Booth,* for appellants.

*Floyd G. Rogers,* for appellee.

FRANK HOLT, Justice. Appellee and appellants are adjoining landowners. Appellee brought this action against the appellants alleging that a mutual mistake was made in both of their deeds from a common grantor and that appellants had erected a fence upon appellee's property "which is encroaching upon the property of

plaintiff [appellee] 89 feet.'' The appellee seeks reformation of both deeds, the quieting of her title, and asks that appellants be restrained from encroaching upon appellee's property.

The chancellor found there was an erroneous description in the 1941 deed to Ralph Gillenwater who is the common grantor of appellants and appellee; that Gillenwater immediately went into possession of the property and enclosed, improved and maintained sufficient adverse possession of it for more than the required length of time; that in 1964 he conveyed the back one-half ($\frac{1}{2}$) acre to the appellants based upon this inaccurate description; that approximately three years later he conveyed the balance or the front one-half ($\frac{1}{2}$) acre to his brother, now deceased, and his wife, the appellee; that the descriptions in the deeds did not reflect the true intentions of the parties and that appellant L. O. Galyen, who is a real estate agent, was aware there was a mutual mistake in the descriptions in his deed. Further, the chancellor found ''that a stob was driven into the ground at the point measured by Mr. Gillenwater [grantor] in the company of Mr. Galyen [grantee and appellant] at the time of their conveyance and that the property to be conveyed was to the east of the stob.'' This would exclude the 89 feet from appellants' land. The court then held that the deeds to appellants and appellee should be reformed to conform to their intentions, their respective titles quieted and confirmed in them, ordered appellants to remove the fence they had constructed upon appellee's property, and enjoined appellants from further encroachment upon appellee's property. From that decree comes this appeal.

For reversal appellants contend that the findings of the chancellor are against the preponderance of the competent evidence. We do not agree.

In 1941 Ralph Gillenwater purchased, without benefit of a survey, and took possession of a rectangular

tract of land 105 x 420 feet, which is approximately one acre. In 1964 he conveyed the back or east half of this property to appellants with a legal description that was based upon the deed he had acquired. In 1967 he conveyed to his brother, now deceased, and his wife, the appellee, the balance or the front half of this tract of land. Thereafter the appellants had their property surveyed according to the description in their deed. According to appellants' survey, their boundary line would include 89 feet of the property which appellee claims. Appellants then constructed a chain link fence along this 105-foot boundary line which ran within a few feet of the back of appellee's house and separated it from her outhouse and other outbuildings. This action precipitated the present litigation.

The testimony of Ralph Gillenwater, the common grantor to both parties, and the testimony of other witnesses clearly showed that the intention of the grantor was to sell the appellants only the back one-half (½) acre of this rectangular tract of land, and that appellants intended to buy only this one-half (½) acre which measured approximately 210 x 105 feet. According to appellee's evidence, Mr. Gillenwater measured, in Mr. Galyen's presence, the one-half (½) acre which was to be conveyed to the Galyens. This measurement would exclude the 89-foot disputed strip of land. This understanding was denied by Mr. Galyen who insisted he relied upon the metes and bounds description in the deed which he claims would include the 89-foot strip of land in dispute.

According to Mr. Galyen, a real estate agent, his purpose in purchasing this back half acre was to eliminate an unsanitary situation that existed from an open outhouse at the back of the house appellee now owns and, also, to clear underbrush from the property. It seems his barbecue pit was located nearby. However, it appears from the evidence that during the three years he owned his property before this litigation he made no

effort to eliminate these conditions or construct a fence on the common boundary line he now claims. It was only after the property was sold to appellee and her husband that he had the property surveyed and then constructed the fence which separates appellee's house from the outbuildings adjacent to her house.

In written findings the chancellor stated: "* * * It is also noted in the Gillenwater to Galyen deed that the same is a conveyance of one-half (½) acre, more or less, and states 'it is intended by this conveyance to convey the East one-half of all property purchased in Deed Record 157 at page 57 or acquired by adverse possession under authority of such deed.' "

It is quite clear from the testimony and the exhibits that if the land appellants purchased in 1964 included the disputed 89-foot strip, then the acreage would be considerably in excess of the one-half (½) acre conveyed in the deed. However, when this 89-foot strip is excluded, the appellants still own an area 210 x 105 feet or approximately one-half (½) acre. Mr. Galyen himself testified: "I thought I was buying the 210 x 105 approximately, approximately a half acre."

Equity will reform a deed or other written instrument which results from a mutual mistake and does not express the true intentions of the parties, if the proof of such a mistake is clear, convincing and decisive. *American Alliance Ins. Co.* v. *Paul,* 173 Ark 960, 294 S. W. 58 (1927); *Arnett* v. *Lillard,* 245 Ark. 939, 436 S. W. 2d 106 (1969). Upon a careful review of the testimony and exhibits presented in the case at bar, we agree with the chancellor that appellee has met this requirement. It is not necessary that appellee present evidence that is undisputed to establish a mutual mistake and the true intentions of the parties.

Appellants also argue that the chancellor erred in admitting testimony in contradiction of the recitals in their deed. This contention is without merit. Although

parol evidence is ordinarily not permitted to contradict or alter the terms of a written instrument, it is well established that in an action to reform an instrument, parol evidence is admissible to show a mutual mistake or fraud and to establish the true intentions of the parties. *Fisher* v. *Fisher,* 237 Ark. 321, 372 S. W. 2d 612 (1963); *Hervey* v. *College Of The Ozarks,* 196 Ark. 481, 118 S. W. 2d 576 (1938); *Hoyer* v. *Edwards,* 182 Ark. 624, 32 S. W. 2d 812 (1930). In the latter case we said that a mutual "mistake may be proved by parol evidence only." In *Fisher* v. *Fisher, supra,* it is said: ". . . It is settled that a court of equity has power to correct mistakes in a deed and conform it to the intentions of the parties based upon parol evidence of a clear, decisive and unequivocal nature."

In the case at bar we are of the view that there was competent evidence of a clear, cogent and decisive nature to sustain the chancellor's findings.

Decree affirmed.