JeToCo CORPORATION, David
JEFFERY and Faye JEFFERY, Robert
TODD and Ruth TODD, Bill COLE
and Catherine COLE *v.* HAILEY SALES COMPANY

80-17                                    596 S.W. 2d 703
Supreme Court of Arkansas
Opinion delivered April 14, 1980

*Jones & Segers,* for appellants.

*Croxton & Boyer,* for appellee.

JOHN A. FOGLEMAN, Chief Justice. This is a suit brought September 9, 1975, by appellee Hailey Sales Company against JeToCo Corporation, David Jeffery, Robert Todd and Ruth Todd, Bill Cole and Catherine Cole, to recover rentals allegedly due under a "Lease Agreement and Construction Contract" executed by the parties on October 2, 1972. After the issues had been made by various pleadings, the case finally went to trial and resulted in a judgment for appellee, from which this appeal is taken. The issues at the time of trial involved pleas of res judicata by appellants as a bar to

appellee's complaint (as amended) and by appellee as to appellants' defenses and counterclaims on the basis of judgment entered on May 22, 1975, in an earlier action (No. 74-206 in the Circuit Court of Benton County) for recovery of rentals under the lease from September 1, 1973 up to the date of trial in April 1975. The Todds in a counterclaim sought to recover damages of $5,000 and punitive damages of $50,000 for abuse of process by issuance of an execution on a judgment in an earlier action while a supersedeas bond was in effect in that case.

The case was tried to a jury and a judgment was entered on December 21, 1978. The judgment recited the following findings of the court:

> 2. That the Appellee sued upon a Lease Agreement for rentals from May, 1975 through August, 1976, totaling $11,200.00. That the Appellants raised numerous defenses, including res judicata, breach of the Lease by the Appellee, rescission of the Lease, abandonment and acceptance of the abandonment and mitigation of damages.
>
> 3. That the Appellants counterclaimed in conversion and in abuse of process.
>
> 4. That Civil Action No. 74-206 litigated all matters up to April 22, 1975, and as such all matters before that time are res judicata. That the Appellants' plea of res judicata to the Complaint was without merit, but that the Appellee's plea of res judicata as that plea related to matters of defenses arising before April 22, 1975 was sustained.
>
> 5. That the jury returned the following verdicts:
>
> > "We, the jury, find for the Plaintiff, Hailey Sales Company, against the Defendants on its Complaint and fix its damages at $11,200.00."
> > /s/ Elmer L. Wilson, Foreman
>
> > "We, the jury, find for the Plaintiff on Defendants'

Counterclaim for conversion."
                              /s/ (By nine of the members of the jury)

"We, the jury, find for the Defendants, Robert
Todd and Ruth Todd, on their Counterclaim for
abuse of process and fix their damages at $405.00."
                              /s/ Elmer L. Wilson, Foreman

The judgment from which this appeal was taken was
rendered on these findings.

Appellants first contend that the court erred in ruling
that appellee's complaint was not barred by prior
proceedings between these same parties on the same issues
and in not directing a verdict for appellants on the appellee's
complaint. We find no error in this respect. The present suit
sought recovery of rentals accruing after the previous trial.
The parties are the same and the issues are basically the same
as those involved in the earlier suit. Appellants had contend-
ed in that suit that the lease had been terminated because
appellee had failed to construct improvements as required of
it by the lease agreement as a condition precedent; that the
appellee had accepted an abandonment of the premises by
appellants and had taken possession of the premises.
Appellants contend that the issue as to termination of the
lease was resolved in their favor in the first trial. They arrive
at this conclusion by reason of the fact that, even though
appellee had sued for accrued rentals of $14,000 (at $700 per
month), the judgment was for only $10,000 based upon a jury
verdict in that amount. The jury had been instructed to find
for appellee in the amount of $700 per month if it found that
appellee had performed the agreement, and that appellants
had failed to pay the rentals sued for, unless it found that the
lease was surrendered by the appellants here and appellee
here accepted such surrender.

Appellee had sued for rent for 20 months. Appellants say
that the verdict for $10,000 represented rents for only 14-½
months, and that this meant that the jury found that the lease
had been terminated some five months before the trial. Of
course, the verdict would have represented 14-2/7 months if
it was divided by the monthly rental rate. But appellants

argue that the jury was given a binding instruction which required a verdict of $14,000, unless the lease had been terminated at some point before the case was submitted to the jury. When that judgment was before us on appeal, we did not consider the verdict by nine members of the jury to have had that effect. In our unpublished opinion in that case, rendered May 17, 1976, we said: "That the verdict was for $10,000 instead of for the full $14,000 that had accrued as rentals apparently resulted from a compromise in the jury room, which does not require a reversal."

Appellee had a right to maintain a new action for the rents becoming due after the judgment in the earlier suit against appellants had been rendered, since that suit was for rents and not for damages for breach of the contract and it had not been terminated adversely to appellee. Ark. Stat. Ann. § 27-136 (Repl. 1979); *Collins* v. *Paepcke-Leicht Lumber Co.*, 82 Ark. 1, 100 S.W. 86; *Coley* v. *Westbrook*, 208 Ark. 914, 188 S.W. 2d 141. Cf. *Hemingway* v. *Grayling Lumber Co.*, 125 Ark. 400, 188 S.W. 1186. Even though appellee sued upon a different cause of action, i.e., for rents accruing after the former adjudication, the present action would, without question, be barred by the former judgment if, in the prior action, it was directly adjudicated or determined, or necessarily involved in the determination made, that appellants were not liable to appellee because the lease contract had been terminated or rescinded. *National Surety Co.* v. *Coates*, 83 Ark. 545, 104 S.W. 219; *Meyer* v. *Eichenbaum*, 202 Ark. 438, 150 S.W. 2d 958; *Gates* v. *Mortgage Loan & Ins. Agency, Inc.*, 200 Ark. 276, 139 S.W. 2d 19. The term "necessarily involved" means that the determination in the former action could not have been made without determination of the question as to which res judicata is asserted. *Knutson* v. *Ekren*, 72 N.D. 118, 5 N.W. 2d 74 (1942).

It was essential to appellants' plea of res judicata that it appear upon the face of the record, or that they show, that the particular matter or precise question, i.e., termination of the lease, was raised and determined favorably to them in the prior proceeding. *Fisher* v. *Fisher*, 237 Ark. 321, 372 S.W. 2d 612; *Carrigan* v. *Carrigan*, 218 Ark. 398, 236 S.W. 2d 579; *Andrews* v. *Victor Metal Products Corp.*, 235 Ark. 568, 361 S.W. 2d

19; *Swanson* v. *Johnson,* 212 Ark. 340, 205 S.W. 2d 702; *Fogel* v. *Butler,* 96 Ark. 87, 131 S.W. 211. See also, *Morgan* v. *Kendrick,* 91 Ark. 394, 121 S.W. 278, 134 Am. St. Rep. 78 Res judicata means a thing or matter that has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction. *Knutson* v. *Ekren,* supra. Freely translated, it means "the matter has been decided," *Hastings* v. *Rose Courts, Inc.,* 237 Ark. 426, 373 S.W. 2d 583. See also, *Hammond* v. *State,* 244 Ark. 186, 424 S.W. 2d 861, cert. den. 393 U.S. 839 (1968). We have said that the true test of whether a particular point, question or right has been concluded by a former suit and judgment is whether such point, question or right was distinctly put in issue, or should have been put in issue, and was directly determined by such former suit and judgment. *Pulaski County* v. *Hill,* 97 Ark. 450, 134 S.W. 973.

We cannot say from the face of the record that the verdict was based upon a finding favorable to appellants on the question of termination of the lease, so it was permissible for appellants to make the necessary showing by extrinsic evidence. When there is any uncertainty as to whether the precise question was raised and determined in the former suit and the record leaves the matter in doubt, extrinsic evidence showing the precise point involved and determined is admissible to remove the uncertainty. *Carrigan* v. *Carrigan,* supra.

Appellants were required to show that the verdict could not have been rendered without deciding the questions of termination and rescission. *McCombs* v. *Wall,* 66 Ark. 336, 50 S.W. 876. A prior judgment is not conclusive of any matter to be inferred from the judgment only by argument. *Shall* v. *Biscoe,* 18 Ark. 142. See also, *Knutson* v. *Ekren,* supra. Where the alleged estoppel is by jury verdict, defense of res judicata must rest upon more than mere speculation, and if a jury verdict could have been rendered without deciding the key issue of fact, and a reasonable doubt exists on the question, the court cannot say with the requisite certainty that the issue was decided by the verdict. *Wolfson* v. *Northern State Management Co.,* 221 Minn. 474, 22 N.W. 2d 545 (1946); *Knutson* v. *Ekren,* supra. Cf. *Andrews* v. *Victor Metal Products Corp.,* supra.

Since there is a dispute between the parties as to what was decided in the former case, the holding of this court on appeal in that case as to what had been determined in the trial court is conclusive, and what we said in the opinion and statement of facts in that case is significant. *Missouri Pac. R.R. Co.* v. *Conway County Bridge Dist.,* 142 Ark. 1, 218 S.W. 189. See also, *Bass* v. *Minich,* 194 Ark. 589, 109 S.W. 2d 139, 134 Am. St. Rep. 78. Our treatment of the jury verdict in our opinion in the earlier case does not support appellants' argument that the jury there decided that the lease had been terminated before the trial. Appellants made a similar argument on that appeal. The most that could be said is that the matter was left uncertain. At any rate, it would not be possible to say, without resort to speculation, that appellants have established that there had been a finding that the lease had been terminated in the jury verdict in the first case.

Appellants cannot rest upon the rule that res judicata covers those things that might have been litigated as well as those that were actually litigated. The North Dakota Supreme Court has put this matter in proper perspective. In speaking of this rule in *Knutson* v. *Ekren,* supra, that court said:

> ***Under such rule it is quite possible that a proposition may not have been presented by the pleadings yet be so necessarily involved therein, that the decision could not be made without determining the issue. On the other hand, an issue may be presented by the pleadings but may not have been necessarily involved in the determination of the action.***

The burden of establishing the defense of res judicata was upon appellants. *Sulcer* v. *Northwestern National Ins. Co.,* 263 Ark. 583, 566 S.W. 2d 397; *Hurst* v. *Hurst,* 255 Ark. 936, 504 S.W. 2d 360; *May* v. *Edwards,* 258 Ark. 871, 529 S.W. 2d 647. They have not succeeded in establishing that the earlier jury verdict entitled them to a directed verdict on this defense. Furthermore, there was no error in the trial court's ruling that this defense was without merit, even though the issue of termination was submitted to the jury by the instruction previously mentioned. In order to determine just what

has been adjudicated, resort may be had to the evidence in the prior case as well as to instructions, the pleadings and the judgment. *Patterson* v. *Anderson,* 194 Va. 557, 74 S.E. 2d 195 (1953), cert. den. 345 U.S. 965, 73 S. Ct. 952, 97 L. Ed. 1384. Appellants have abstracted the record in the prior case, but they point out no evidence, and we can find none, that would indicate a termination of the lease 14-2/7 months after September 1, 1973. Actually, the alleged surrender of the leased premises took place in December, 1973. Appellants had ceased paying rent after August 1, 1973. The trial court properly held against appellants on their defense of res judicata.

Appellants next contend that the trial judge erred in not placing or reading the entire record of the earlier suit into the record, after he admitted it into evidence in this case. The record was admitted by stipulation of the parties. We find no error in this respect.

Appellants asked at the very beginning of the trial that the transcript of the record of the prior proceedings be brought before the jury. When the circuit judge said that he would take care of that at the proper time, appellants' attorney acquiesced. The matter next arose when, at the conclusion of appellee's evidence-in-chief, appellants moved for a directed verdict. At that time the trial judge ruled that the law of the case was that the issues concerning whether the lease had been rendered null and void or whether it had been abandoned for cause by appellants and the amount of rents due at the time of the previous trial was foreclosed by the judgment in the prior case as res judicata. The judge ruled that the question whether appellee did anything to accept an abandonment of the lease by appellants after the date of the judgment in the prior suit and the question of abuse of process were still in issue. Later, when asked if appellants had any surrebuttal, their attorney said that he was again requesting that the transcript be made available to the jury. The judge stated that, in view of his ruling as to res judicata, there was no necessity to read the entire transcript to the jury. The court permitted appellants to extract and submit to the jury those portions of the record pertinent to the cause of action for abuse of process.

We are somewhat perplexed in dealing with this question due to the fact that appellants do not seek reversal on the ground that the court erred in holding that the defenses asserted by them and mentioned in the trial court's ruling on appellants' motion for a directed verdict were res judicata. Consistent with his holding as to defenses which existed prior to the previous judgment, the trial judge refused to give instructions requested by appellants which would have submitted those issues which he had held to be res judicata. Appellants do not assert here that there was any error in the court's refusal of those instructions.

If seems to us the court ruled correctly on the question of res judicata on these defenses. The judgment in the former case was conclusive of all questions within the issues and it extends to any ground for recovery or defense which might have been but was not presented. *Ozan Lumber Co.* v. *Tidwell,* 213 Ark. 751, 212 S.W.2d 349. But the mere fact that the record of the previous proceedings was not submitted to the jury would seem to be harmless error, at the most. In view of the fact that appellants are not now contending that this issue should have been submitted to the jury, appellants are in no position to claim prejudice.

Appellants also contend that they were entitled to recover on their counterclaim for reimbursement for certain signs on the real property which was the subject of the lease at the time appellee sold it. Appellants say that they were entitled to recover these damages as a matter of law, or at least, that the jury verdict is not supported by substantial evidence. Appellants, or Loeb's, may be entitled to recover from someone for conversion of the signs, but we find substantial evidence to support the jury verdict. The signs allegedly converted were a standing sign, an attraction panel, three facia of varying sizes, one menu board and one animated sign. Appellants had leased the premises for the operation, under franchise, of a Loeb's Tennessee Pit Bar-B-Q Inc. The signs were a part of the franchise package. Appellants paid Loeb's for them as a part of the cost of the franchise. After the premises had been vacated, Bea Hailey, President of Hailey Sales Company, endeavored to get Dr. Jeffery, one of the appellants, to sublease the property, according to her

testimony. She said that he had authority to do so. She also testified that she did not recall any conversation in which Dr. Jeffery had told her that, if the property were sold, appellants expected to be reimbursed for the signs, but said that Dr. Jeffery knew the property was being sold and that he should have reclaimed any personal property belonging to appellants. According to a letter exhibited to the jury, appellee's attorney had advised the attorney for appellants that Hailey Sales Company would list the property for sale and, if successful in selling it, woudl release appellants from the lease. A letter from appellant's attorney advising appellee's attorney of the waiver of any right of JeToCo to first refusal upon sale of the property was also exhibited.

The property was sold to Leo Crane. Prior to the sale, Dr. Jeffery had removed other equipment. but not the signs. One was a free-standing sign along the highway. Other signs were erected across the north and south ends and the front of the building. Dr. Jeffery had testified in a deposition that removal of the signs would damage the building. Dr. Jeffery testified that appellants had sued Loeb's, and that the value of the signs was probably, or may have been, a part of the claim asserted, which was settled by Loeb's payment of $45,-000, part of which was for the signs. Appellee had rejected an offer to purchase the premises which would have included the signs as part of the property. The contract for the sale finally made contained no reference to the signs, although some of them may have constituted a part of the building on the premises.

Since we find no reversible error, the judgment is affirmed.