**Earlie LESLIE, Appellant,**

v.

**Roy BOLEN, Superintendent, Junction City School District # 75, Appellee.**

No. 84–2324.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1985.

Decided May 17, 1985.

Paul Henry Kidd, Monroe, La., for appellant.

William Prewett, El Dorado, Ark., for appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Earlie Leslie appeals from the district court's order granting the defendant's motion for summary judgment. For reversal, Leslie contends that the district court erred in ruling that she was barred from bringing this federal civil rights action by the doctrine of collateral estoppel. We affirm.

On October 11, 1983, Leslie filed a complaint in the Chancery Court of Union County, Arkansas, against the Junction City School District No. 75. In her complaint, Leslie asserted that she had been wrongfully terminated from her teaching position with the school district. Later, in an amended complaint, Leslie acknowledged that she had signed a letter of resignation on September 13, 1982, but argued that at the time she signed this letter she was suffering from stress and fatigue and that the school district used undue influence to obtain her signature.

Leslie's case was subsequently transferred to the Union County Circuit Court, which after trial concluded that Leslie had not been terminated, but rather had resigned voluntarily and, although suffering from emotional strain and physical exhaustion, had not been unduly influenced or pressured into signing the letter of resignation. Accordingly, the Circuit Court denied relief and dismissed her complaint. Rather than appealing the state court's decision, Leslie brought the present civil rights action against Roy Bolen, superintendent of the Junction City School District.

In the present action, Leslie asserts that Bolen terminated (or refused to renew) her employment without affording her due process of law in violation of 42 U.S.C. §§ 1981–1985 and the fourteenth amendment. Because of the previous state court determination, Bolen pled the affirmative defense of collateral estoppel in his answer to the complaint, and subsequently moved for summary judgment. The district court granted Bolen's motion and dismissed Leslie's complaint.

 In a federal civil rights action involving an issue of collateral estoppel, a federal court will give the same preclusive effect to a prior state court decision as would the courts of the state in which the prior judgment was entered. *See Allen v. McCurry*, 449 U.S. 90, 104, 101 S.Ct. 411, 419, 66 L.Ed.2d 308 (1980); *Smith v. Updegraff*, 744 F.2d 1354, 1362 (8th Cir.1984). Because Leslie's initial case was brought in Arkansas state court, we must look to Arkansas law to determine what preclusive effect this prior adjudication has on the issue presented in this action.

In its decision, the district court concluded that the Arkansas Supreme Court has effectively adopted the four criteria set out by this court in *Lovell v. Mixon*, 719 F.2d 1373 (8th Cir.1983), as its standard for determining the applicability of collateral estoppel in a particular case. These criteria are: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment." *Id.* at 1376 (citing *In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 218–19 (8th Cir.1977)). Applying these criteria to the case before it, the district court concluded that the issue of Leslie's termination had been involved in the prior action, that the issue had been litigated, that the issue had been determined by a valid and final judgment, and that the determination of the issue had been essential to the prior judgment. Accordingly, the district court concluded that under Arkansas law Leslie would be collaterally estopped from relitigating the termination issue in state court, and thus was also precluded from doing so in federal court.

 On issues of state law, we will normally defer to the district court judge sitting in the state whose law is to be applied unless his or her judgment is "deficient in analysis or otherwise lacking in reasoned authority." *W.B. Farms v. Fremont National Bank and Trust Co.*, 756 F.2d 663, 666 (8th Cir.1985) (quoting *An-*

*com, Inc. v. E.R. Squibb & Sons, Inc.*, 658 F.2d 650, 654 (8th Cir.1981)). In this case, we conclude that the four *Lovell* criteria accurately reflect Arkansas law on the issue of collateral estoppel. Two relatively recent Arkansas Supreme Court cases addressing collateral estoppel principles under Arkansas law support this conclusion: *Wells v. Arkansas Public Service Commission*, 272 Ark. 481, 616 S.W.2d 718, 719 (1981), and *Jetoco Corp. v. Hailey Sales Co.*, 268 Ark. 340, 596 S.W.2d 703, 706–07 (1980). These cases make clear that in order for collateral estoppel to apply in Arkansas, the issue sought to be precluded (1) must have been raised in the prior litigation; (2) must have been actually litigated; (3) must have been finally decided by a court of competent jurisdiction, *Wells*, 616 S.W.2d at 719, and *Jetoco*, 596 S.W.2d at 706; and (4) must have been essential to the prior judgment, *Jetoco*, S.W.2d at 707. *See also Gwin v. R.D. Hall Tank Co.*, 10 Ark.App. 12, 660 S.W.2d 947, 948 (Ark.App. 1983).

■ The criteria set out in *Wells* and *Jetoco* parallel the criteria set out by this court in *Lovell*. Applying these criteria, we agree with the district court that Leslie is collaterally estopped from relitigating the issue of her termination in federal court.

Leslie's complaint also asserts in vague, conclusory terms the existence of a conspiracy to terminate her as a teacher in the school district. The district court dismissed this part of Leslie's action without comment. Leslie has not appealed from this dismissal, and thus this claim is deemed to have been abandoned. *Kizzier Chevrolet Co., Inc. v. General Motors Corp.*, 705 F.2d 322, 325 n. 2 (8th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 153, 78 L.Ed.2d 141 (1983).

Because we conclude that no reversible error has been committed by the district court, we affirm the dismissal of Leslie's action.