Pearl DOYEL, Plaintiff,

v.

CITY OF MARIANNA, Marianna Building Inspector Lloyd Wilson, and Jack Gentry, Defendants.

No. H–C–84–66.

United States District Court, E.D. Arkansas, E.D.

June 20, 1985.

Bill W. Bristow, P.A., Jonesboro, Ark., for plaintiff.

Robert J. Donovan, Daggett, Van Dover, Donovan & Cahoon, Marianna, Ark., Jacob Sharp, Jr., Laser, Sharp & Mayes, P.A., Little Rock, Ark., for defendants.

## ORDER

ROY, District Judge.

Pending before the Court is the Motion for Summary Judgment filed by Defendants City of Marianna and Marianna Building Inspector Lloyd Wilson.

Plaintiff alleges in this action the Defendants conspired to deny her a permit to place a mobile home on her lot in the City of Marianna because she has rented to Blacks in the past. She alleges the Defendants' actions violated her federal substantive and procedural due process rights and seeks redress under 42 U.S.C. § 1983 and § 1985. Plaintiff asks the City of Marianna zoning ordinance be declared unconstitutional, for compensatory and punitive damages and that the City be enjoined to issue the permit.

The City and Wilson assert in their Motion that this action is barred as to them because of the doctrines of res judicata and collateral estoppel.

On July 22, 1983 the City filed a Petition for Declaratory Judgment in the Chancery Court of Lee County, Arkansas asking the court to determine "what rights, if any, the citizens of the City of Marianna have to locate trailers or mobile homes in areas designated R–3 Residential and in other areas in the City of Marianna...." Plaintiff and her daughter, Alyce Doyel Wheeler, filed a Complaint In Intervention in that action on September 6, 1983 recounting her unsuccessful efforts to obtain a permit from Mr. Wilson. She alleged the refusal to issue the permit was "arbitrary and capricious in view of the fact that a permit was issued to Janette Jaco....", that there was no established procedure to issue permits and that the ordinance was "unconstitutional on its face because it is unreasonably vague upon its face." On January 4, 1984 the Chancellor held for the City in all respects and ordered Plaintiff to remove the mobile home from her lot. This decision was not appealed. On April 27, 1984 Plaintiff filed the present federal action.

Defendants rely upon the Supreme Court's decision in *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) in support of their res judicata defense. In that action based upon 42 U.S.C. § 1983 the Supreme Court held that a state court judgment must be given the same preclusive effect by a federal court that it would have enjoyed in another court of

that state. This rule has been applied in civil rights cases. *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). The Eighth Circuit has recently applied these principles in a civil rights case. *Leslie v. Bolen*, 762 F.2d 663 (8th Cir.1985) (per curiam).

These decisions are premised upon the United States Constitution's Full Faith and Credit Clause as implemented by 28 U.S.C. § 1738 which requires federal courts to give the records and judicial proceedings of a state the same "full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State ... from which they are taken." *Allen* held only that issues *actually litigated* in the state court are entitled to the same preclusive effect in a subsequent § 1983 action in federal court as they have in other courts of that state. The preclusive effect of a state court judgment as to a federal issue which could have been raised in state court but was not so raised was not determined in *Allen*. 449 U.S. at 97 n. 10, 101 S.Ct. at 416 n. 10. However, this question was finally settled by the Supreme Court in *Migra v. Warren City School District Board Of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In that case the Plaintiff sued her former employer, a school board, and three of its members in state court for breach of contract and wrongful interference with her contract of employment as the result of her termination. The state court ordered her reinstated and awarded her compensatory damages. She then filed a complaint in federal court against the Board, its members and the Superintendent of schools alleging violations of 1st, 5th and 14th amendment rights, seeking redress under 42 U.S.C. § 1983 and § 1985. Plaintiff argued that because she did not litigate her § 1983 federal claim in state court, the state court judgment does not preclude her suit in federal court. The Supreme Court refused to limit the preclusive effect to issues actually litigated in state court. The Court said:

Section 1983, however, does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims. We hold, therefore, that petitioner's state-court judgment in this litigation has the same claim preclusive effect in federal court that the judgment would have in the Ohio state courts.

*Id.* 104 S.Ct. at 900.

The Supreme Court said that it was more important to give full faith and credit to state judgments than to guarantee a state forum for a state claim and a federal forum for a federal claim.

■ The Court finds *Migra* is controlling in this case so that if the Plaintiff's claim would be precluded in an Arkansas state court, even though it had not been previously litigated, then it is precluded here.

The next step in the analysis of the Motion for Summary Judgment is to determine if the state courts of Arkansas would be precluded from hearing this claim because of the Chancery Court judgment. The Arkansas Supreme Court has said:

> Generally speaking, it [res judicata] applies when there has been a final adjudication on the merits of an issue, ..., by a court of competent jurisdiction, on the matters litigated *or which might have been litigated.* [citations omitted] It is res judicata even though not adjudicated if the matters were necessarily within the issues and might have been litigated in the former suit. [citations omitted] The exact same parties are not required as it is sufficient if there is substantial identity of the parties. (emphasis added).

*Wells v. Ark. Public Service Com'n,* 616 S.W.2d 718, 719 (Ark.1981).

■ Plaintiff could have raised her claim of racial discrimination in the state court proceeding because state courts have concurrent jurisdiction over claims based on 42 U.S.C. § 1983 and the Federal Constitution. *Kutzik v. Young,* 730 F.2d 149 (4th Cir. 1984). Plaintiff does not argue otherwise.

However, she maintains that because the *City* filed the Declaratory Judgment action in the state court, preclusion should not apply since *she* did not choose the state forum.

The Plaintiff did choose the state forum in that she voluntarily filed a Complaint In Intervention in the state court action. She could have elected to file a federal court action, but instead she entered the state court action seeking relief, suffered an adverse determination from which she did not appeal, and then filed this federal action. This is exactly what the cited cases prevent.

■ Plaintiff is also concerned that the peculiar rules of equity jurisdiction might not allow full adjudication of her claims in Chancery. The Court does not believe that is a problem because Ark.Stat. Ann. § 22–405 allows for a transfer to Circuit Court in such an event. Also, as a general rule when an Arkansas Chancery Court has jurisdiction of an action for one purpose, it retains jurisdiction to settle all rights of the parties arising out of the particular transaction or occurence. *Import Motors, Inc. v. Luker,* 599 S.W.2d 398 (Ark.App.1980). Under the "clean up" doctrine once a chancery court acquires jurisdiction it may decide all issues rather than transferring the case to circuit court for a determination of damages. *Bierbaum v. City of Hamburg,* 559 S.W.2d 20 (Ark. 1977). The Court believes Plaintiff's claim of discrimination could have been decided in the state court action.

Plaintiff's state and federal Complaints allege the same wrong: refusal to grant her a permit to place a mobile home on her lot. They both rely on the same set of facts: the events surrounding the decision to deny the permit. The two actions merely allege different grounds for recovery based on the same evidence. The Court finds the Arkansas Chancery Court judgment would preclude this action in another Arkansas court and, therefore precludes it here.

■ The Complaint must be dismissed as to the City of Marianna and as to Building Inspector Wilson who is sued only in his official capacity as an employee of the City. It has not been alleged that Wilson was acting in any capacity other than as the City's agent in this matter. He is the city official charged with the responsibility of issuing the permit and is in privity with the City. In such a case the doctrine of claim preclusion also applies to him. *Kutzik* at 152.

■ The Complaint against Defendant Jack Gentry cannot be dismissed because 42 U.S.C. § 1985 provides that the action can be brought against any one or more of the conspirators. *Milner v. National School of Health Technology,* 409 F.Supp. 1389 (E.D.Penn.1976).

IT IS CONSIDERED, ORDERED AND ADJUDGED:

That the Motion for Summary Judgment filed by Defendants City of Marianna and Lloyd Wilson is granted and the Complaint is dismissed as to them.